NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK GABRIELE; JEN-FANG LEE, | No. 20-16353 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-00292-WBS-KJN |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000; SERVICE EMPLOYEES INTERNATIONAL UNION, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| NATIONAL EDUCATION ASSOCIATION OF THE UNITED STATES; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 22, 2021**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BADE and BUMATAY, Circuit Judges, and SESSIONS,[***] District Judge.

Plaintiffs Mark Gabriele and Jen-Fang Lee ("Appellants") appeal the district court's dismissal of their putative class action brought against Service Employees International Union Local 1000 and Service Employees International Union. Appellants seek declaratory and monetary relief under 42 U.S.C. § 1983 for agency fees collected from paychecks in violation of the First Amendment. They also bring common law conversion and restitution claims.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo*. *Serra v. Lappin*, 600 F.3d 1191, 1195–96 (9th Cir. 2010) (reviewing dismissal for failure to state a claim and for lack of subject matter jurisdiction *de novo*).

The district court properly dismissed Appellants' First Amendment claim, as it is established law in this Circuit that a public sector union may "invoke an affirmative defense of good faith to retrospective monetary liability under section 1983" for agency fees it collected prior to the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). *Danielson v. Inslee*, 945 F.3d 1096, 1097–99 (9th Cir. 2019) ("[P]rivate parties may invoke an affirmative defense of good faith to retrospective

---

[***] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

2

monetary liability under 42 U.S.C. § 1983, where they acted in direct reliance on then-binding Supreme Court precedent and presumptively-valid state law.").

Appellants' claim for prospective declaratory relief is moot. "It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) (en banc). "The limitations that Article III imposes upon federal court jurisdiction are not relaxed in the declaratory judgment context." *Id.* at 1129. When the Supreme Court issued *Janus*, Appellants' union stopped collecting agency fees from non-union members. Shortly thereafter, the California Attorney General issued an advisory opinion explaining that the state "may no longer automatically deduct a mandatory agency fee from the salary or wages of a non-member public employee who does not affirmatively choose to financially support the union." Similarly, the state administrative agency that enforces public employment collective bargaining statutes stated that it "will no longer enforce existing statutory or regulatory provisions requiring non-members to pay an agency fee without having consented to such a fee." Accordingly, the conduct found unconstitutional in *Janus* has ceased and "could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)).

That the California statutes governing agency fees have not been repealed does not revive Appellants' claims. Unconstitutional statutes, without more, give no one a right to sue. *See, e.g.*, *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) ("[T]he mere existence of a . . . statute . . . [does not] satisf[y] a 'case or controversy' requirement. . . . Rather, there must be a 'genuine threat of imminent prosecution.'") (citation omitted).

The district court also properly dismissed Appellants' state law claims. Collection of agency fees was permitted by the Dills Act, California Government Code §§ 3513(k), 3515.7, 3515.8. Appellants' common law claims, asserting conversion and seeking restitution for such collection, are inconsistent with the statute. Cal. Civ. Code § 22.2 ("The common law . . . so far as it is not . . . inconsistent with . . . laws of this State, is the rule of decision in all the courts of this State."). Furthermore, the common law claims are preempted. *See El Rancho Unified Sch. Dist. v. Nat'l Educ. Ass'n*, 663 P.2d 893, 901–02 (Cal. 1983); *Sullivan v. State Bd. Of Control*, 176 Cal. App. 3d 1059, 1063–66 (1985).

**AFFIRMED**.