[No. A065797. First Dist., Div. Four. Apr. 21, 1995.]

RESIDENTS FOR ADEQUATE WATER et al., Plaintiffs and Respondents, v.
REDWOOD VALLEY COUNTY WATER DISTRICT, Defendant and Appellant.

1802

COUNSEL

Rapport & Marston and David J. Rapport for Defendant and Appellant.

Michael E. Sweeney, in pro. per., Brandt-Hawley & Zoia and Susan Brandt-Hawley for Plaintiffs and Respondents.

OPINION

REARDON, J.—In January 1989, Residents for Adequate Water and respondents Michael E. Sweeney and Oliver L. Sause obtained a writ of mandate halting the connection of new residential water service by appellant Redwood Valley County Water District. In July 1993, the district unsuccessfully moved to dissolve the writ of mandate and to set aside the subsequent judgment. (Code Civ. Proc., § 473.) The district appeals the order denying its motion to set aside the judgment,[1] contending that the trial court lacked jurisdiction to issue the writ of mandate because (1) it misinterpreted and misapplied the Safe Drinking Water Act and its implementing regulations, and (2) those seeking the writ did not exhaust their administrative remedies. We affirm the order denying the motion to set aside the judgment.

I. FACTS

In February 1988, Residents for Adequate Water and respondents Michael E. Sweeney and Oliver L. Sause petitioned for a writ of mandate to halt the

---

[1] The district filed a timely notice of appeal. (See Cal. Rules of Court, rule 2(a).)

connection of new residential water service by appellant Redwood Valley County Water District. The district is a county water district and public water system providing service connections for treated domestic water in Redwood Valley in Mendocino County. Residents was an unincorporated association of Redwood Valley residents who obtained domestic water service from the district. Sweeney and Sause were individual customers of the district.

In January 1989, the trial court issued a judgment and a peremptory writ in accordance with the petition. In its statement of decision, the trial court found that the district did not possess a water source capacity sufficient to supply the needs of its users under maximum demand conditions as required by law, but that the district continued to permit new service connections to be added to its water system. Thus, the court imposed an immediate moratorium on new service connections by the district.

The district appealed this judgment.[2] Its motion for stay of judgment pending appeal was denied in February 1989. In September 1989, the appeal was dismissed pursuant to a stipulation of both sides seeking a dismissal with prejudice.

In January 1990, the district moved to modify the writ of mandate, without success. In July 1993, the district moved to dissolve the writ of mandate and to set aside the judgment. (Code Civ. Proc., § 473.) The district alleged two grounds in support of its motion—that there had been a significant change in the district water supply and that the underlying judgment was void. In November 1993, this motion was denied.[3]

---

[2] The State Department of Health Services was also compelled to act under this peremptory writ of mandate, but does not challenge the writ on appeal. The district's brief challenges the portion of the writ of mandate directed to the department as well as that part directed to itself, but as the department has not perfected an appeal, we do not determine those issues.

[3] The district also argued that changed circumstances warranted the modification of the judgment. The trial court declined to consider the merits of this motion on the ground that the district had unclean hands in that it failed to counter evidence that it had authorized new water connections in violation of that judgment. The district does not appeal from this aspect of the trial court's November 1993 order. In February 1994, the district again moved to modify the judgment and writ of mandate. The trial court denied this motion in June 1994, finding that the district continued to act in violation of the judgment and finding that there was then no change of circumstances sufficient to warrant modification.

## II. Appealability

Preliminarily, Sweeney[4] contends that the district cannot raise in this appeal the issues it cites because it had an opportunity to pursue an appeal from the original judgment and did not do so. He argues that by the current appeal, the district merely attempts to retry the earlier case. In its present appeal, the district contends that the motion to set aside the judgment should have been granted because the trial court in the original matter lacked subject matter jurisdiction to issue the writ of mandate.[5] A judgment is void on its face if the court rendering it lacked subject matter jurisdiction. (See *In re Marriage of Brockman* (1987) 194 Cal.App.3d 1035, 1041 [240 Cal.Rptr. 96].) If the judgment is void, it is subject to collateral attack by means of a postjudgment motion to vacate or set aside the judgment as void. (*County of Ventura v. Tillett* (1982) 133 Cal.App.3d 105, 110 [183 Cal.Rptr. 741], cert. den. 460 U.S.1051 [75 L.Ed.2d 929, 103 S.Ct. 1497] [stipulated judgment]; see Code Civ. Proc., § 473.) An order denying such a motion is a special order made after entry of judgment that may be directly attacked on appeal. (*County of Ventura v. Tillett, supra,* at p. 110; see Code Civ. Proc., § 904.1, subd. (a)(2).) This appeal is allowed because an order giving effect to a void judgment is also void and appealable. (*In re Marriage of Brockman, supra,* at p. 1040; *County of Ventura v. Tillett, supra,* at p. 110.) Thus, when an appellant attacks an order on the ground that it gives effect to a judgment that is void for lack of jurisdiction, the order may be appealed even if the underlying judgment was also appealable. (*Id.,* at pp. 110-111.) This rule constitutes an exception to the ordinary rule precluding an appeal from an order denying a motion to vacate a judgment in order to prevent an appellant from having two opportunities to appeal. (See *In re Marriage of Brockman, supra,* at p. 1040.) Thus, the district may raise its jurisdictional issues on appeal, despite having abandoned its earlier appeal.

## III. Statutory Authority

The district first contends that the trial court lacked subject matter jurisdiction over this action. In essence, the district argues that the trial court misinterpreted and misapplied the Safe Drinking Water Act and its implementing regulations. (See Health & Saf. Code, §§ 4010-4039.6; Cal. Code

---

[4]Michael E. Sweeney filed a respondent's brief on his own behalf, in which Oliver L. Sause concurs by letter. Residents did not file a brief. For convenience, all respondents will be referred to as "Sweeney."

[5]The 1989 appeal was dismissed before the date on which the district was to file an opening brief.

Regs., tit. 22, §§ 64562, subd. (a), 64568.)[6] The trial court denied the district's motion to set aside the January 1989 judgment, rejecting its challenge to the validity of that judgment. In its January 1989 statement of decision, the trial court recognized that Sweeney had to show that he had a clear and beneficial right to compel the district to perform a clear and present duty imposed on it by law. It found that the district had two relevant law-imposed duties—to provide a reliable and adequate supply of potable water to its customers, and to refrain from modifying its distribution system unless that modification complies with state regulations. (See §§ 4016, subd. (a), 4017, subd. (c); Cal. Code Regs., tit. 22, §§ 64562, subd. (a), 64568.) It concluded that the district lacked "a legal water source sufficient to supply adequately, dependably, and safely its users' normal needs . . . ."

On appeal, the district argues the statutes that the trial court relied on to issue its writ of mandate do not compel the district to refrain from authorizing new water connections. It urges us to find that the writ operates to compel the district to exercise its discretion, not to perform a legal duty. A writ of mandate may issue only to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station. (Code Civ. Proc., § 1085; *Gilbert* v. *State of California* (1990) 218 Cal.App.3d 234, 241 [266 Cal.Rptr. 891]; *Sullivan* v. *State Bd. of Control* (1985) 176 Cal.App.3d 1059, 1062-1063 [225 Cal.Rptr. 454]; see 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 65, pp. 702-704.) Mandate will lie if the district has a clear, present and usually ministerial duty and Sweeney has a clear, present and beneficial right of performance of that duty. However, Sweeney may not invoke mandamus to control the district's discretion. A court may—in appropriate circumstances—compel an agency to exercise its discretion, but cannot compel an agency with discretionary power to act in any particular manner. A court may not substitute its discretion for that properly vested in an administrative agency. (See *Gilbert* v. *State of California, supra,* at p. 241.)

■ The district contends that it does not have a mandatory duty to halt new service connections. We disagree. The Safe Drinking Water Act provides that the operator of a public water system is charged with a mandatory duty to provide a reliable and adequate supply of pure, wholesome and potable water. (§ 4017, subd. (c).) No operator of a public water system shall modify its authorized distribution system unless the operator first submits an application to the Department of Health Services and receives an amended permit as provided in the Safe Drinking Water Act authorizing the modification. (§ 4016, subd. (a).) The California Waterworks Standards—the administrative regulations promulgated pursuant to the Safe Drinking Water

---

[6]All statutory references are to the Health and Safety Code unless otherwise indicated.

Act—specifically provide that sufficient water shall be available from water sources and distribution reservoirs to supply adequately, dependably and safely the total requirements of all users under maximum demand conditions before agreement is made to permit additional service connections to a system. (Cal. Code Regs., tit. 22, § 64562, subd. (a); see Cal. Code Regs., tit. 22, ch. 16.) A new service connection may be added to a distribution system only if the water system will comply with section 64562 after the new service connection is added. (Cal. Code Regs., tit. 22, § 64568.) These statutes and regulations clearly impose an obligation on the district to determine whether an adequate water supply exists to serve existing needs before new service connections may be added and prohibit new service connections if these state requirements are not met. The trial court made factual findings that the district lacked a legal source of water sufficient to meet then current normal needs or maximum demand conditions. We are bound by those findings of fact. (See *In re Marriage of Brockman, supra,* 194 Cal.App.3d at pp. 1042-1043 [when challenge to validity of judgment is based on factual contention on which the trial court has ruled based on conflicting evidence, we must assume the truth of facts supporting trial court ruling].) As the trial court acted within its subject matter jurisdiction in January 1989 when it issued the writ of mandate, it properly denied the district's motion to set aside that judgment on the ground that the judgment was void for lack of jurisdiction.

## IV. EXHAUSTION

The district also contends that the underlying judgment is void—that the trial court lacked subject matter jurisdiction over this action because the original petitioners did not exhaust their administrative remedies. When an administrative remedy has been provided by statute, this remedy must be exhausted before the courts will act. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715]; *Karlin* v. *Zalta* (1984) 154 Cal.App.3d 953, 979 [201 Cal.Rptr. 379].) Exhaustion of administrative remedies is a jurisdictional requirement. (*Browning-Ferris Industries* v. *City Council* (1986) 181 Cal.App.3d 852, 859 [226 Cal.Rptr. 575]; see 3 Witkin, Cal. Procedure, *supra*, Actions, § 234, pp. 264-266.)

However, the district does not contend that Sweeney failed to exhaust any administrative remedy to seek the mandated action from the *district.* Instead, it urges us to find a lack of trial court jurisdiction because Sweeney did not petition the *Water Resources Control Board* to determine whether the Mendocino County Russian River Flood Control and Water Conservation and Improvement District violated a permit by selling water to the district.

Sweeney did not challenge the actions of the Water Resources Control Board or the Flood Control District by his petition for writ of mandate—he sought to halt the water district's approval of new service connections unless the district met its state-mandated obligations to its customers. We do not need to determine whether—as the district claims—the Water Resources Control Board had subject matter jurisdiction over the permit between the Flood Control District and the water district, an issue that was only collateral to the determination of Sweeney's right to relief sought in this matter. The Water Resources Control Board did not have the primary responsibility to ensure the adequate supply of water within Redwood Valley; the district did.

The doctrine of exhaustion of administrative remedies does not apply when the administrative agency has no jurisdiction to make the judicial determination that is the subject of dispute. (See *County of Alpine* v. *County of Tuolumne* (1958) 49 Cal.2d 787, 798 [322 P.2d 449]; see also 3 Witkin, Cal. Procedure, *supra*, § 240, pp. 272-273.) As there is no contention that Sweeney failed to exhaust his administrative remedies with the district, its failure of exhaustion of administrative remedy claim is meritless. Thus, the trial court had jurisdiction to issue its 1989 ruling, writ of mandate and judgment.

The order denying the motion to set aside the judgment is affirmed. The district shall pay all Sweeney's costs on appeal, in an amount to be determined by the trial court.

Perley, J., concurred. Poché, Acting P. J., concurred in the judgment.