Filed 4/13/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE URBAN WILDLANDS GROUP, INC., | B271350 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS150983) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joanne B. O'Donnell, Judge. Reversed with directions.

Michael N. Feuer, City Attorney, Timothy McWilliams, Assistant City Attorney and Siegmund Shyu, Deputy City Attorney, for Defendants and Appellants.

Law Offices of Babak Naficy and Babak Naficy for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, City of Los Angeles, Bureau of Street Lighting, appeals from an order vacating a judgment pursuant to Code of Civil Procedure[1] section 473, subdivision (b). Plaintiff, The Urban Wildlands Group, Inc., filed a petition for writ of mandate and complaint for declaratory and injunctive relief. The mandate petition and complaint allege a single cause of action challenging defendant's finding that a project was exempt from formal environmental review under the California Environmental Quality Act. (Pub. Resources Code, § 21084, subd. (a); Cal. Code Regs., tit. 14, § 15061, subd. (b)(3).) Both parties briefed the merits. Plaintiff stipulated that it would prepare and lodge the administrative record. Defendant also submitted excerpts from the administrative record. However, plaintiff never lodged the administrative record. The trial court found in defendant's favor and entered judgment. Plaintiff then filed a motion under section 473, subdivision (b) asserting both discretionary and mandatory relief should be granted. Plaintiff relied on its attorney's sworn affidavit in which he admitted to his neglect in failing to lodge the administrative record. The trial court denied discretionary relief. However, the trial court granted mandatory relief under section 473, subdivision (b).

Defendant contends the trial court erred by granting the mandatory relief request under section 473, subdivision (b). Defendant argues the section 473, subdivision (b) mandatory relief provision only applies to a default, a default judgment, or a dismissal. We agree. The judgment from which plaintiff seeks

---

[1] Further statutory references are to the Code of Civil Procedure.

relief is not a default, default judgment, or dismissal.  Thus, the section 473, subdivision (b) mandatory relief provisions do not apply here.  We reverse the order setting aside the judgment.

## II.  BACKGROUND

### A.  Mandate Petition and Complaint

Plaintiff filed its mandate petition and complaint on September 5, 2014.  Plaintiff alleges defendant improperly found a project approving the use of light emitting diode replacement lights was exempt from further environmental review.  Defendant certified the administrative record.  Pursuant to the parties' agreement, the trial court ordered plaintiff to lodge the administrative record by May 28, 2015.

Plaintiff filed both an opening and a reply brief.  Defendant filed an opposition brief.  Defendant submitted excerpts from the administrative record.  However, plaintiff did not lodge the administrative record.

On July 8, 2015, the trial court held a hearing on the single cause of action in the mandate petition and complaint.  Plaintiff's counsel moved to continue the hearing.  The trial court denied the continuance motion.  The trial court adopted its tentative ruling and denied plaintiff's petition and complaint.  The trial court ruled plaintiff could not support its arguments because it failed to lodge the administrative record.  Judgment was entered accordingly on July 21, 2015.

B. Motion for Relief Under Section 473, Subdivision (b)

On August 26, 2015, plaintiff moved to vacate the judgment under section 473, subdivision (b). Plaintiff asserted relief should be granted under both the discretionary and mandatory relief provisions. As to the mandatory relief provisions, plaintiff asserted the judgment was the functional equivalent of a dismissal. Mandatory relief is available when an attorney submits an affidavit attesting to his or her mistake, inadvertence, surprise, or neglect resulting in a *default* or *dismissal*. (§ 473, subd. (b).) Plaintiff argued that because there was no administrative record, the trial court could not reach the merits of the petition and complaint. As to the discretionary relief theory, plaintiff contended its attorney's mistake or inadvertence was excusable.

Plaintiff submitted its attorney's declaration. Babak Naficy declared that in November 2014 his long-term legal assistant, Miranda Hyldahl, had left. He hired Barbara Heki as his new assistant. It was his practice to lodge the administrative record as soon as it was certified. Mr. Naficy told Ms. Heki to lodge the administrative record with the trial court. Ms. Heki wrote the task down and assured Mr. Naficy that it would be done. Mr. Naficy, owing to his hectic workload in December and January, did not check to see if Ms. Heki actually lodged the administrative record. It did not occur to Mr. Naficy to check because he assumed it had been done.

Ms. Heki also submitted a supporting declaration. She declared Mr. Naficy had directed her to lodge the administrative record with the trial court after receiving certification of the record. Mr. Naficy placed defendant's notice of certification of the administrative record in the case file. However, Ms. Heki assumed the certification of the administrative record meant it had been lodged with the trial court.

Defendant argued section 473, subdivision (b) relief was unavailable because plaintiff already received its opportunity for a trial on the merits. Defendant further contended that Mr. Naficy's mistake was not excusable for purposes of the discretionary relief provisions of section 473. Defendant noted Mr. Naficy had failed to calendar properly the record lodging deadline. Defendant also argued mandatory relief was unavailable because the judgment in this case was not a default, default judgment, or dismissal.

On February 3, 2016, the trial court granted plaintiff's motion under the mandatory relief provisions of section 473, subdivision (b). The trial court ruled Mr. Naficy's mistake deprived plaintiff of its day in court. The trial court further explained, "[T]he Court only ruled on the merits of the petition because it was under the mistaken impression that the incomplete administrative record that had been lodged -- and on which the Court relied in its review of the petition -- had been lodged by [plaintiff]. In fact, it was lodged by [defendant]. As a result, the Court's ruling on the merits of the petition was a nullity. [Plaintiff] is entitled to its day in court based on the actual record." The trial court denied plaintiff's motion for discretionary relief. The trial court ruled Mr. Naficy's conduct did not rise to the level of excusable neglect.

5

## III.  DISCUSSION

### A.  Standard of Review

Section 473, subdivision (b), concerning mandatory relief, provides in pertinent part, "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . (2) resulting default judgment or dismissal entered against his or her client. . . ." (*English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 147 (*English*); *In re Marriage of Hock & Gordon-Hock* (2000) 80 Cal.App.4th 1438, 1442 (*Hock*); *Avila v. Chua* (1997) 57 Cal.App.4th 860, 866 (*Avila*).)  Defendant does not dispute the accuracy of Mr. Naficy's affidavit.  The dispute lies as to the interpretation of "default," "default judgment," and "dismissal" under section 473, subdivision (b) as applied to the judgment at issue here.  We review statutory interpretation issues de novo.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432; *In re Clarissa H.* (2003) 105 Cal.App.4th 120, 125.)

## B. Default, Default Judgment, or Dismissal Under Section 473, Subdivision (b)

Defendant asserts the judgment at issue here is not a default, default judgment, or dismissal within the meaning of section 473, subdivision (b).  There are two lines of cases concerning the interpretation of "dismissal" and "default judgment" in section 473, subdivision (b).  The first line of cases holds that "dismissal" and "default judgment" mean only that, and should not be expanded to include other judgments.  (See, e.g., *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1418 (*Huh*); *English*, *supra*, 94 Cal.App.4th at p. 138.)  The second line of cases offers a broader definition and applies the mandatory relief provisions to judgments that are the procedural equivalents of defaults, default judgments, or dismissals.  (See, e.g., *Hock, supra*, 80 Cal.App.4th at pp. 1444-1445; *Avila, supra*, 57 Cal.App.4th at pp. 867-868.) Defendant asserts the second line of decisions were wrongly decided.

The instructive decision for the first line of cases is *English*. In *English*, the plaintiff filed an employment discrimination suit against the defendant, her former employer.  (*English*, *supra*, 94 Cal.App.4th at p. 133.)  The defendant moved for summary judgment.  (*Ibid*.)  The plaintiff did not submit an opposition with any evidence.  (*Ibid*.)  Rather, the plaintiff asserted a continuance should be granted under section 437c, subdivision (h).  (*Id.* at pp. 133-134.)  The trial court denied the continuance motion and subsequently granted the summary judgment motion.  (*Id.* at p. 134.)  The plaintiff then filed a section 473, subdivision (b) motion under a mandatory relief theory.  (*Ibid*.)  The plaintiff's attorney declared he erred by failing to submit evidence in opposition

rather than solely arguing for a continuance.  (*Ibid*.)  The trial court denied the plaintiff's motion for relief from the judgment.  (*Ibid*.)

The Court of Appeal affirmed the denial of the plaintiff's motion for relief from the judgment.  (*English*, *supra*, 94 Cal.App.4th at p. 133.)  The Court of Appeal examined the legislative history of the mandatory relief provision in section 473, subdivision (b).  (*Id*. at pp. 138-142.)  The Court of Appeal concluded regarding dismissals:  "[W]e construe the word 'dismissal' as having a limited meaning similar to the term 'default judgment.'  This approach is supported by the history of the mandatory provision, set out above.  As Justice Epstein explained in his dissenting opinion in *Yeap* [*v. Leake* (1997) 60 Cal.App.4th 591]:  'The purpose of the [1992] amendment was to give plaintiffs the functional equivalent of the "default" provision for defendants . . . .'  (*Yeap v. Leake, supra*, 60 Cal.App.4th at p. 604 (dis. opn. of Epstein, J.).)"  (*English*, *supra*, 94 Cal.App.4th at p. 145.)  The Court of Appeal found a summary judgment is not a default, default judgment, or dismissal.  (*Id*. at p. 143.)

Numerous Courts of Appeal have followed *English*'s line of reasoning.  (See, e.g., *Las Vegas Land and Development Co., LLC v. Wilkie Way, LLC* (2013) 219 Cal.App.4th 1086, 1091 [mandatory relief under § 473, subd. (b) does not apply to summary judgments]; *Henderson v. Pacific Gas & Elec. Co.* (2010) 187 Cal.App.4th 215, 228-229 [same]; *Huh, supra*, 158 Cal.App.4th at p. 1418 [same]; *Hossain v. Hossain* (2007) 157 Cal.App.4th 454, 458 [mandatory relief not available for untimely filed opposition to motion to enforce settlement agreement and late motion to enforce because order was not a default, default judgment, or dismissal]; *Vandermoon v. Sanwong* (2006) 142

8

Cal.App.4th 315, 321 [mandatory relief does not apply to judgment entered after uncontested trial in the defendant's absence because judgment was not default, default judgment, or dismissal]; *Prieto v. Loyola Marymount* (2005) 132 Cal.App.4th 290, 295-297 [disagreeing with *Avila* and agreeing with *English*]; *Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 483-485 [following *English* and denying mandatory relief when an attorney fails to properly designate an expert witness which leads to a dismissal after a hearing at which plaintiff's counsel argues].)

The second much less numerous line of cases, including two from this division, use a more expansive definition of the term default judgment. The first case to apply this expansive definition of the term default or default judgment was *Avila*. In *Avila*, we held that judgments that are "directly analogous to a default judgment" are also within the scope of the mandatory relief provisions under section 473, subdivision (b). (*Avila, supra*, 57 Cal.App.4th at p. 868.) *Avila* extended the scope of the mandatory relief provisions to a scenario where the plaintiff's attorney failed to timely file an opposition to the defendant's summary judgment motion. (*Id.* at pp. 867-868.) Plaintiff asserts that *Avila* and its very small progeny are the correct line of cases. (See *Hock, supra*, 80 Cal.App.4th at p. 1443 [applying mandatory relief under § 473, subd. (b) to judgment on reserved issues in dissolution proceeding when the appellant failed to appear because of attorney's mistake]; *Yeap v. Leake, supra*, 60 Cal.App.4th at pp. 600-601 [failing to appear for a judicial arbitration is akin to a default for purposes of the § 473, subd. (b) mandatory relief provisions].)

9

Having the benefit of reviewing *English* and its progeny, we disapprove of our prior opinions in *Avila* and *Hock*. As summarized succinctly by our colleague, now Retired Associate Justice Richard J. McAdams in *Huh, supra,* 158 Cal.App.4th at page 1417: "We agree with the cogent analysis in *English,* which is faithful to legislative intent and consistent with established principles of statutory construction. As the *English* court said: 'It is not an appellate court's task, nor, indeed, its prerogative, when interpreting a statute, to extend the scope of the statute to encompass situations "analogous" to those the statute explicitly addresses. Rather, an appellate court's task is simply to determine what the Legislature meant by the words it used, relying first and foremost on the words themselves.' (*English, supra,* 94 Cal.App.4th at p. 144.) Where the statutory language is unambiguous, its plain meaning controls. (*Id.* at p. 143; see *Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919.) Here, the statutory language is unequivocal. 'As expressly worded, section 473(b) applies *only* to relief sought in response to defaults, default judgments or dismissals.' (*Vandermoon v. Sanwong, supra,* 142 Cal.App.4th at p. 320, italics added.) Summary judgments are neither defaults, nor default judgments, nor dismissals. (*English,* at p. 133.) The explicit statutory language of section 473(b) thus 'provides no basis for extending the mandatory provision' to such judgments. (*Prieto v. Loyola Marymount University, supra,* 132 Cal.App.4th at p. 297.) In the words of Justice Epstein, 'to read the mandatory provision of . . . section 473 to apply whenever a party loses his or her day in court due to attorney error goes far beyond anything the Legislature has done.' (*Yeap, supra,* 60 Cal.App.4th at p. 605 (dis. opn. of Epstein, J.).)" We agree with Associate

Justice McAdams' cogent analysis and disapprove of our mandatory relief discussions in *Avila* and *Hock*.

We briefly address three remaining issues. First, the trial court cited *Zamora* for its conclusion that the mandatory relief provisions apply when a party loses its day in court. This is an incomplete reading of our Supreme Court's *Zamora* opinion. In *Zamora*, our Supreme Court applied the discretionary relief provisions of section 473, subdivision (b). (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).) But our Supreme Court also briefly discussed the mandatory relief provisions of section 473, subdivision (b).

In *Zamora*, while discussing the section 473, subdivision (b) mandatory relief provisions, our Supreme Court quoted in brief from *Huens v. Tatum* (1997) 52 Cal.App.4th 259, 264 (*Huens*). Our Supreme Court stated: "The purpose of [the mandatory relief] provision 'was to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys.' (*Huens, supra*, 52 Cal.App.4th at p. 264.)" (*Zamora, supra*, 28 Cal.4th at p. 257.) This quotation from *Huens* arises in the following context: "In relevant part, the [*sic*] section 473 provides that, upon the filing of an attorney affidavit meeting its requirements, 'the court shall . . . vacate any . . . dismissal entered *against his or her client,*' unless the court finds the dismissal was not in fact caused by the attorney. (Italics added.) The statute's use of the word 'against' limits the class of targeted dismissals and makes clear that only *involuntary* dismissals are affected. [¶] This conclusion is consistent with the narrow view of the Legislature's intent which appellate courts have taken, i.e., that the section's purpose was simply 'to put plaintiffs whose cases are dismissed for failing to respond to a

11

dismissal motion on the same footing with defendants who are defaulted for failing to respond to an action.' [Citations.] The purpose of the statute was to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys. There is no evidence the amendment was intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal." (*Huens, supra*, 52 Cal.App.4th at p. 264.) In other words, the litigants who lose their day in court are those parties that fail to respond to a dismissal motion because of an attorney's error. That is not the case here.

Here, there was a trial of the merits of the mandate petition and complaint and thus the section 473, subdivision (b) mandatory relief provisions are inapplicable. Plaintiff failed to present sufficient evidence to meet its burden of proof—it never lodged the administrative record. As the Court of Appeal in *English* held regarding the summary judgment at issue therein: "Given the limited meaning of the word 'dismissal' as used in the mandatory provision of section 473(b), a summary judgment in favor of a defendant is not a 'dismissal.' A summary judgment is not 'the removal . . . by a court' 'of an application for judicial relief.' (*Yeap v. Leake, supra*, 60 Cal.App.4th at p. 603 (dis. opn. of Epstein, J.).) Rather, it is a judicial determination that under the undisputed facts before the court, the moving party is entitled to prevail in the action as a matter of law. [Citation.] . . . Thus, a summary judgment in favor of defendant does not constitute a removal of the plaintiff's application for judicial relief, but rather an adjudication of that application based on the undisputed facts before the court." (*English, supra*, 94 Cal.App.4th at pp. 148-149.)

12

Plaintiff here is in a similar position to the one in *English*. The judgment against plaintiff here was not "a removal of plaintiff's application for relief" but instead resulted from a trial on the merits. Plaintiff failed to present sufficient evidence and thus did not meet its burden of proof. The judgment at issue here is not a default, default judgment, or dismissal. The trial court could not therefore grant mandatory relief under section 473, subdivision (b).

Second, we also note the trial court referred to its judgment as a nullity based on its misunderstanding as to whether plaintiff had submitted the excerpts from the administrative record. This has no bearing on the issues before us. As discussed above, the judgment here is not within the scope of mandatory relief available under section 473, subdivision (b).

Finally, in the trial court's defense, it was entitled to rely on our prior opinions in *Avila* and *Hock* as legally controlling authority. When there is a division in Court of Appeal opinions, a trial court chooses which line of authority to follow. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456; *Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 101, fn. 7.) However, upon reconsideration, we conclude our analysis in *Avila* and *Hock* broadly construing the section 473, subdivision (b) default, default judgment, or dismissal language was incorrect.

13

## IV.  DISPOSITION

The February 3, 2016 order setting aside the July 21, 2015 judgment is reversed.  Upon remittitur issuance, the July 21, 2015 judgment is to be reinstated.  Defendant, City of Los Angeles, Bureau of Street Lighting, may recover its appellate costs from plaintiff, The Urban Wildlands Group, Inc.

**CERTIFIED FOR PUBLICATION**

TURNER, P. J.

I concur:

KIN, J. *

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

The Urban Wildlands Group, Inc. v. City of Los Angeles, Bureau of Street Lighting
B271350


BAKER, J., Concurring


I agree the majority opinion reaches the correct result on the facts of this case.  But I find it unnecessary to join, and do not join, in the effort to wholesale "disapprove" of our prior decisions in *Avila v. Chua* (1997) 57 Cal.App.4th 860 and *In re Marriage of Hock & Gordon-Hock* (2000) 80 Cal.App.4th. 1438.  That is a task best left to our Supreme Court—if it were so inclined.  (*Cole v. Rush* (1955) 45 Cal.2d 345, 350-351, overruled on other grounds in *Vesely v. Sager* (1971) 5 Cal.3d 153; *People v. Bolden* (1990) 217 Cal.App.3d 1591, 1598; see also *Garza v. Asbestos Corp., Ltd.* (2008) 161 Cal.App.4th 651, 659, fn. 5.)


BAKER, J.