Filed 10/17/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOSHUA P. PAGNINI,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>UNION BANK, N.A., et al.<br><br>　　　　Defendants and Respondents. | A151390<br><br>(Contra Costa County<br>Super. Ct. No. MSC1401833) |

　　　　After plaintiff and appellant Joshua P. Pagnini (appellant) failed to respond to a demurrer filed by defendants and respondents Union Bank, N.A. and Unionbancal Mortgage Corporation (respondents), the trial court sustained the demurrer and entered judgment in favor of respondents. Appellant appeals from the court's denial of his motion for relief under Code of Civil Procedure section 473, subdivision (b) (Section 473(b)).[1] We conclude the trial court was obligated to grant relief under the mandatory provision of Section 473(b), where appellant presented a sworn declaration from his counsel attesting that counsel mistakenly failed to respond to the demurrer by timely filing an amended complaint. Although a number of court of appeal decisions have declined to give plaintiffs the benefit of the mandatory provision of Section 473(b) in other circumstances, we hold respondents' demurrer was effectively a "dismissal motion" and appellant's counsel's mistaken failure to respond to the motion obligated the trial court to relieve appellant from counsel's error. (*Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1808, 1824 (*Peltier*) [concluding mandatory provision of statute

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

applies to "plaintiffs whose cases are dismissed for failing to respond to a dismissal motion"].)

BACKGROUND

In September 2014, appellant filed the present action against respondents, alleging wrongful foreclosure and related causes of action arising from a July 2012 trustee's sale of appellant's real property.

In May 2016, respondents demurred to all causes of action in appellant's complaint. On June 10, respondents filed a notice of non-receipt of opposition to the demurrer. On July 13, the trial court sustained the demurrer without leave to amend and entered judgment in favor of respondents.

On January 12, 2017, almost six months after entry of the judgment, appellant moved for relief from the judgment under Section 473(b). He submitted a sworn declaration from his counsel in which counsel averred he attempted to file an amended complaint on June 14, 2016, shortly before the June 16 hearing on the demurrer. The court clerk declined to file the amended complaint because the statute allowing the filing of an amended complaint pending a hearing on a demurrer (§ 472) had been amended effective January 1, 2016, to require that an amended complaint be filed within the time provided for filing opposition to the demurrer (Stats. 2015, ch. 418, § 2). Appellant's counsel averred that he was not aware of the amendment to the statute, which previously permitted the filing of an amended complaint at any point before the hearing.[2]

In March 2017, the trial court denied the Section 473(b) motion. This appeal followed.

DISCUSSION

The parties dispute whether the trial court was obligated to grant appellant relief under Section 473(b) due to appellant's counsel's mistake that resulted in the sustaining of respondents' demurrer and dismissal of the complaint. This is an issue of statutory

---

[2] The previous version of section 472 allowed the filing of an amended complaint "after demurrer and before the trial of the issue of law thereon."

interpretation we review de novo. (*The Urban Wildlands Group., Inc. v. City of Los Angeles* (2017) 10 Cal.App.5th 993, 998 (*Urban Wildlands*).)

Section 473(b) provides for both discretionary and mandatory relief. (*Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 484 (*Gee*).) The mandatory provision provides: "the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment *or dismissal* entered against his or her client, unless the court finds that the default *or dismissal* was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Italics added.) " 'The range of attorney conduct for which relief can be granted in the mandatory provision is broader than that in the discretionary provision, and includes inexcusable neglect.' [Citation.] The purposes of the mandatory relief provision is to promote the determination of actions on their merits, to relieve innocent clients of the burden of the attorneys' fault, to impose the burden on the erring attorney, and to avoid the precipitation of additional litigation in the form of malpractice suits." (*Gee*, at p. 492.) " '[I]f the prerequisites for the application of the mandatory provision of [Section 473(b)] exist, the trial court does not have discretion to refuse relief.' " (*Id.* at p. 484; see also *Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 65 ["a mea culpa declaration by an attorney establishing that a default, default judgment, or dismissal was entered against his or her client as a result of attorney neglect deprives the trial court of discretion to deny relief, even without a showing that the neglect was excusable."].)

"[T]he reason the Legislature added the word ' "dismissal" ' to the mandatory provision of the statute 'was the State Bar's conclusion " 'that it is illogical and arbitrary to allow mandatory relief for defendants when a default judgment has been entered against them due to defense counsel's mistakes and to not provide comparable relief to plaintiffs whose cases are dismissed for the same reason.' " ' [Citation.] . . . 'By inserting

3

the word "dismissal" into the mandatory provision of the statute, the Legislature now required the courts to vacate any "resulting default" or "resulting default judgment or dismissal" when the other requirements of the mandatory provision were met.' " (*Gee*, *supra*, 6 Cal.App.5th at pp. 490–491.)

As respondents point out, numerous court of appeal decisions have limited the reach of Section 473(b) as it relates to relief from a "dismissal." Although the statutory language "on its face, 'affords relief from unspecified "dismissal" caused by attorney neglect, our courts have, through judicial construction, prevented it from being used indiscriminately by plaintiffs' attorneys as a "perfect escape hatch" [citations] to undo dismissals of civil cases.' [Citation.] Courts have limited the application of the mandatory provision to those dismissals procedurally equivalent to defaults. [Citations.] ' "[A] default judgment is entered when a defendant fails to appear, and, under section 473, relief is afforded where the failure to appear is the fault of counsel. Similarly, under our view of the statute, a dismissal may be entered where a plaintiff fails to appear in opposition to a dismissal motion, and relief is afforded where that failure to appear is the fault of counsel. The relief afforded to a dismissed plaintiff by our reading of the statute is therefore comparable to the relief afforded a defaulting defendant." ' [Citations.] This interpretation is consistent with the statute's policy to put plaintiffs whose cases are dismissed for counsel's failure to respond to the dismissal motion on the same footing as defendants who have defaulted because of counsel's failure to respond. [Citation.] The purpose of the statute is to relieve the hardship on those parties who have lost their day in court solely because of counsel's inexcusable failure to act." (*Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 483.)

For example, "[c]ourts have held the mandatory provision is inapplicable to voluntary dismissals [citation] and dismissals for lapsing of the statute of limitations [citation], failure to serve a complaint in a timely manner [citation], failure to prosecute [citation], and failure to file an amended complaint after a demurrer has been sustained with leave to amend." (*Gotschall*, *supra*, 96 Cal.App.4th at pp. 483–484; see also *Urban*

4

*Wildlands*, *supra*, 10 Cal.App.5th at p. 999 [listing additional cases declining to apply mandatory provision, including in summary judgment context].)

Nevertheless, the courts uniformly agree the Legislature intended at least "to put plaintiffs whose cases are dismissed for failing to respond to a dismissal motion on the same footing with defendants who are defaulted for failing to respond to an action." (*Peltier*, *supra*, 34 Cal.App.4th at p. 1824; accord, e.g., *Urban Wildlands*, *supra*, 10 Cal.App.5th at p. 1001; *Gotschall*, *supra*, 96 Cal.App.4th at p. 483; *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 145 (*English*); *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 618–619 (*Leader*); see also *Peltier*, at pp. 1819–1820 [discussing legislative history].)

We conclude respondents' demurrer was a dismissal motion for purposes of Section 473(b), as construed by the above cases. Section 581 ("Dismissal; definitions") lists the "instances" in which "[a]n action may be dismissed," including "after a demurrer to the complaint is sustained without leave to amend and either party moves for dismissal." (§ 581, subd. (f)(1).) In a revealing contrast, the court in *English*, *supra*, 94 Cal.App.4th at pages 144–145, determined that the mandatory provision of Section 473(b) did not apply to a motion for summary judgment, observing, "[a]lthough . . . section 581 describes various circumstances in which an action may be dismissed, either by the court or by a party, noticeably lacking is any provision describing a summary judgment in favor of a defendant as a 'dismissal.' " In the present case, respondents' demurrer was directed at the entirety of the complaint and concluded, "For the foregoing reasons, the complaint filed by [appellant], and all causes of action therein, fail to state facts sufficient to state a cause of action and the entire complaint must be dismissed."

As further support for the proposition that a demurrer is a dismissal motion, it may be observed that "[a] motion to dismiss in federal court is the equivalent of a demurrer in California." (*The Swahn Group, Inc. v. Segal* (2010) 183 Cal.App.4th 831, 844; see also *Laguna Village, Inc. v. Laborers' Internat. Union of North America* (1983) 35 Cal.3d 174, 182; *Krinsky v. Doe 6* (2008) 159 Cal.App.4th 1154, 1171, fn. 10; *11601 Wilshire*

5

*Associates v. Grebow* (1998) 64 Cal.App.4th 453, 457; *Greene v. Zank* (1984) 158 Cal.App.3d 497, 504, fn. 5; Fed. Rules Civ. Proc., rule 12(b).)

The present case is analogous to two recent court of appeal decisions that have found the mandatory provision of Section 473(b) applicable. In *Gee*, *supra*, 6 Cal.App.5th 477, the court held Section 473(b) applied where plaintiff's counsel failed to pay change of venue fees and failed to respond to the defendant's motion to dismiss based on the failure to pay the fees. (*Gee*, at pp. 480–482, 491.) In *Younessi v. Woolf* (2016) 244 Cal.App.4th 1137 (*Younessi*), the court held Section 473(b) applied where the trial court granted a defendant's "ex parte application for entry of a dismissal" following plaintiffs' counsel's failure to timely file an amended complaint in response to an order sustaining a demurrer to the original complaint with leave to amend. (*Younessi*, at pp. 1140, 1148.) The *Younessi* court reasoned that, although the "defendants did not file a motion to dismiss the case . . . , the dismissal resulted from an order granting [an] ex parte application for entry of a dismissal, without any opposition from plaintiffs that would allow the trial court to evaluate why they had failed to timely file an amended complaint. Consequently, the dismissal was the procedural equivalent of a default judgment." (*Younessi*, at pp. 1148–1149.)

Respondents rely on *Leader*, *supra*, 89 Cal.App.4th 603, but that case is consistent with our holding. There, the defendants' demurrers were sustained with leave to amend, the plaintiffs failed to file an amended complaint within the time permitted by the trial court, and the defendants moved to dismiss the action when the plaintiffs offered an untimely amended complaint. (*Id.* at p. 607.) Following a hearing, the trial court dismissed the plaintiffs' action. (*Id.* at p. 611.) The court of appeal affirmed, concluding, among other things, that the mandatory provision of Section 473(b) did not apply to relieve the plaintiffs from their counsel's failure to file an amended complaint. (*Id.* at p. 620.) *Leader* reasoned the dismissal was not analogous to a default judgment because it followed a hearing at which the trial court received and considered the plaintiffs' opposition. (*Id.* at p. 621.) The court held Section 473(b)'s mandatory provision did not apply to "discretionary dismissals based on the failure to file an amended complaint after

6

a demurrer has been sustained with leave to amend, at least where, as here, the dismissal was entered after a hearing on noticed motions which required the court to evaluate the reasons for delay in determining how to exercise its discretion." (*Leader*, at p. 620.) In effect, the motion at issue in *Leader* was the dismissal motion contemplated under section 581, subdivision (f)(2), which provides in relevant part as a basis for dismissal that "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." The court of appeal in *Leader* did not suggest the defendants' motion was not a dismissal motion or that a dismissal resulting from an attorney's failure to oppose the motion would have been outside the scope of Section 473(b)'s mandatory provision. Instead, the court explained that "the 'day in court' envisioned by [prior case law] is not a guaranteed trial on the merits, but merely the opportunity to appear and present evidence and argument *in opposition to the motion to dismiss.*" (*Leader*, at p. 620.) Because the plaintiffs *did* respond to the motion to dismiss, they were not entitled to Section 473(b)'s mandatory relief. (*Leader*, at p. 620; see also *Younessi*, *supra*, 244 Cal.App.4th at p. 1148 [distinguishing *Leader* because in *Younessi* "the dismissal resulted from an order granting [an] ex parte application for entry of a dismissal, without any opposition from plaintiffs that would allow the trial court to evaluate why they had failed to timely file an amended complaint"].) In contrast, in the present case, appellant's counsel did *not* respond to respondents' demurrer, a dismissal motion under section 581, subdivision (f)(1).[3]

In conclusion, counsel's mistake in misapprehending the time for filing an amended complaint deprived appellant of an opportunity to respond to the demurrer and resulted in a dismissal that was "the functional equivalent of a default for a plaintiff." (*Gee*, *supra*, 6 Cal.App.5th at p. 491; see also *Peltier*, *supra*, 34 Cal.App.4th at p. 1821 ["under our view of the statute, a dismissal may be entered where a plaintiff fails to

---

[3] In the present case, appellant's counsel's declaration indicates he intended to respond to the demurrer by filing an amended complaint, rather than by filing an opposition. That does not affect our analysis, because counsel's failure to respond the dismissal motion resulted in dismissal of the action.

appear in opposition to a dismissal motion, and relief is afforded where that failure to appear is the fault of counsel"].)  The trial court erred in denying appellant's Section 473(b) motion.[4]

## DISPOSITION

The trial court's order denying appellant's motion for relief under Code of Civil Procedure section 473, subdivision (b) is reversed.  The trial court is directed to grant the motion, to vacate its order sustaining respondents' demurrer, and to provide appellant an opportunity to respond to the demurrer.  Appellant is awarded his costs on appeal.

---

[4] We reject respondents' additional argument that the mandatory provision of Section 473(b) is inapplicable because "[a] judgment after the sustention of a general demurrer on substantive grounds is a judgment on the merits" for purposes of the res judicata doctrine. (*Berman v. Aetna Cas. & Surety Co.* (1974) 40 Cal.App.3d 908, 912.)  Respondents fail to explain why that provides a basis to deny relief under Section 473(b), given the Legislature's intent to provide relief where a plaintiff's counsel has failed to respond to a dismissal motion.  Notably, default judgments, which are indisputably within the scope of the mandatory provision, also have res judicata effect.  (*Fitzgerald v. Herzer* (1947) 78 Cal.App.2d 127, 131 ["A judgment by default is as conclusive as to the issues tendered by the complaint as if it had been rendered after answer filed and trial held on allegations denied by the answer."]; see also *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823.)

8

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

(A151390)

Superior Court of Contra Costa County, No. MSC14-01833, Hon. Steven K. Austin, Judge.

William E. Gilg, for Plaintiff and Appellant.

Serlin & Whiteford, LLP, Mark A. Serlin, for Defendants and Respondents.