Filed 11/14/22  Marriage of Jain CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re Marriage of MAYANK and PRIYANKA JAIN. | B322564 |
| MAYANK JAIN,<br><br>Appellant,<br><br>v.<br><br>PRIYANKA JAIN,<br><br>Respondent. | (Santa Clara County<br>Super. Ct. No. 18FL001727) |

APPEAL from a postjudgment order of the Superior Court of Santa Clara County.  James L. Stoelker, Judge.  Affirmed.

Mayank Jain, in pro. per., for Appellant.

Priyanka Jain, in pro. per., for Respondent.

_____

After the family court denied Mayank Jain permission to appear telephonically and Mayank failed to attend the trial on reserved issues in his marital dissolution action with Priyanka Jain, the court entered judgment in favor of Priyanka.[1] The court thereafter denied Mayank's motion to set aside the judgment. On appeal Mayank contends denial of his application to appear telephonically violated California Rules of Court, rule 3.670[2] and, alternatively, the court erred in declining to set aside the judgment based on mistake of fact, mistake of law or excusable neglect under Code of Civil Procedure section 473, subdivision (b) (section 473(b)). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Dissolution Action and Default Judgment on Reserved Issues*

Mayank and Priyanka were married on January 22, 2014. They have one child, born in February 2018. Mayank petitioned for a dissolution of the marriage in May 2018. Priyanka obtained a domestic violence restraining order against Mayank in October 2018, which was renewed prior to trial and extended to October 7, 2020.

On November 18, 2019 the family court terminated Mayank and Priyanka's marital status and set trial on the remaining issues for March 3, 2020. The court expressly ordered Mayank "to be personally present for the SOC [settlement officer

---

[1] We refer to Mayank Jain and Priyanka Jain by their first names for clarity.

[2] References to rules are to the California Rules of Court.

conference], MSC [mandatory settlement conference] and the trial."[3]

On February 19, 2020 Mayank, who had previously appeared at matters telephonically through CourtCall, attempted to arrange a telephonic appearance for the upcoming hearings by emailing the court's clerk, who responded, also by email, that this contact constituted an impermissible ex parte communication and that Mayank needed to file an ex parte request or declaration. On the same day the family court granted a motion by Priyanka to compel documents, noting in the minute order that Mayank was making "efforts to appear by telephone," and that "this was not a new request." Mayank never filed a formal application, either with statutory notice or ex parte, to appear by telephone.

On February 23, 2020 Mayank emailed the court clerk notices of his intent to appear by telephone at the upcoming mandatory settlement conference and at trial. Mayank also managed to schedule a CourtCall telephonic appointment for the March 3, 2020 trial date without the court's permission. The appointment was cancelled after the clerk informed CourtCall the appearance was set up without court authorization.

Mayank did not appear in person at the mandatory settlement conference on February 27, 2020. The pro tem settlement judge spoke to Mayank by telephone and advised him "that he had no permission to appear by telephone for the

---

[3]     Although he had been represented by counsel at various times during the case, Mayank was self-represented during the proceedings at issue in this appeal.

3

mandatory settlement conference and for the trial that is currently set."

On March 2, 2020, the day before trial, Mayank electronically filed an extensive trial statement and declaration, attaching 26 exhibits. Mayank did not appear in person at trial on March 3, 2020 as ordered.

The family court noted Mayank's failure to appear and described for the record the various contacts the court had had with him over the several weeks prior to trial to provide "some context for the fact that he is not here this morning": "There have been a number of court appearances scheduled, including a trial on the DVRO issue . . . . There was also a mandatory settlement conference last week. And for each of those court appearances, Mr. Jain has contacted this department and asked for permission to appear telephonically. On each of those occasions, the Court has consistently indicated that telephone appearance would not be appropriate and denied Mr. Jain the opportunity to appear telephonically, or any other way than to be personally present. That standard of—of practice was consistent all the way up through and including today's trial, and again, Mr. Jain asked for an opportunity to be excused from personal appearance and to appear telephonically at the trial. Again, the Court responded that the personal appearance would be required and that telephone appearance would be inappropriate, and denied Mr. Jain the permission to appear by phone."

The court also noted that Mayank had attempted to appear via CourtCall that day without permission from the court and stated that, under the circumstances, the court would proceed on the matter "as if it were a default judgment and allow the

4

evidence to be presented by the respondent, Priyanka Jain, through counsel."

The family court limited the scope of the proceedings to financial issues. Based on Priyanka's evidence the court found the date of separation was May 9, 2018; each party's respective community property interest was $368,087; and Priyanka had various reimbursement claims totaling $165,585. The court, therefore, awarded Priyanka $533,672 ($368,087 plus $165,585).[4] The court did not admit or consider Mayank's declaration or evidentiary submissions.

The court entered judgment on the property issues on May 19, 2020. The court reserved the issues of child custody and visitation and permanent support with all existing temporary support and custody orders to remain in effect.

2. *Mayank's Motion To Set Aside the Default Judgment*

On June 16, 2020 Mayank moved to set aside the default judgment, arguing the family court had abused its discretion by not allowing him to appear telephonically pursuant to rule 3.670 and he was entitled to relief under section 473(b) for mistake, inadvertence, surprise or excusable neglect. Contending he had been prevented from traveling from his residence in Switzerland because of visa issues and the COVID-19 pandemic and had made good faith efforts to participate in court proceedings by

---

[4] The court awarded all funds in 16 specified bank, brokerage, and retirement accounts to Priyanka; as well as $194,830.53 from the sale of the parties' real property, and ordered Mayank to make an equalization payment to Priyanka of $94,762.50.

5

telephone, Mayank asserted he was improperly precluded from offering evidence and rebuttal testimony at the trial.

The family court denied the motion. In its order after hearing the court reiterated that Mayank had been expressly instructed on November 18, 2019 that he would not be permitted to attend the mandatory settlement conference or trial telephonically and similarly advised by the pro tem settlement judge on February 27, 2020 that he needed to be personally present for trial. Thus, the court stated, Mayank's argument he was surprised at the last minute to learn he would not be able to appear telephonically was based on "an incorrect representation of the facts." The court also pointed out the trial date (March 3, 2020) preceded the general shutdown due to the COVID-19 pandemic.

After quoting the language of rule 5.9(b), which gives the family court discretion to permit a party to appear by telephone, and rule 5.9(c)(1), which authorizes the court to require a party to appear in person if it determines a personal appearance would "'materially assist in the determination of the proceedings or in the effective management or resolution of the particular case,'" the court explained it "had expressly made a decision that in a lengthy contentious hearing where it was anticipated that both parties would be self-represented and would be offering dozens of documentary exhibits, a telephone appearance by either party would not be appropriate. This decision was communicated to the parties months before the hearing. Petitioner chose to ignore the court's order."

6

This appeal followed.[5]

## DISCUSSION

1. *Governing Law and Standard of Review*

    a. *Rules governing telephonic appearances*

As Mayank emphasizes, rule 3.670 establishes a general policy favoring telephone appearances in civil cases. (Rule 3.670(a) & (c); see *Davis v. Superior Court* (2020) 50 Cal.App.5th 607, 616 [rule 3.670 "generally authorizes a party in a civil case to appear by telephone" if "at least two court days before the hearing, [the party] notif[ies] the superior court and all other parties that the party intends to appear telephonically"].) Rule 3.670, however, excludes from its broad authorization of telephonic appearances certain specific proceedings, including "[t]rials, hearings, and proceedings at which witnesses are expected to testify" (rule 3.670(e)(1)(A)); as to those proceedings, a personal appearance is required unless the court in which the matter is pending determines a telephone appearance is

---

[5] Mayank attempted to file a notice of appeal on December 22, 2020, which was received, but rejected by the Santa Clara Superior Court. A subsequent notice of appeal from the judgment on reserved issues and postjudgment order denying the motion to set aside was filed on January 14, 2021. After issuing an order to show cause regarding the timeliness of the notice of appeal, the Sixth Appellate District, by its Presiding Justice, ruled Mayank's appeal was not timely as to the May 19, 2020 judgment but could proceed with respect to the October 28, 2020 order denying his motion to set aside as a separately appealable order. The appeal was subsequently transferred to this court from the Sixth District by the Supreme Court.

appropriate and expressly authorizes it (rule 3.670(f)(3)). More importantly, the Advisory Committee Comment to rule 3.670 explains the rule does not apply in family law matters (except for hearings regarding support under Title IV-D of the Social Security Act).

Rule 5.9, rather than rule 3.670, governs appearances by telephone in family law matters (with limited exceptions not applicable to this case). Rule 5.9(b) provides the court may permit a party to appear by telephone at a hearing, conference or proceeding "if the court determines that a telephone appearance is appropriate." Rule 5.9(c)(1) states, "At its discretion, the court may require a party to appear in person at a hearing, conference, or proceeding if the court determines that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case."

### b. *Section 473(b)*

A default judgment is properly entered when a defendant fails to appear at trial. (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 175; *Pagnini v. Union Bank, N.A.* (2018) 28 Cal.App.5th 298, 303.)[6] Relief may be afforded, in the court's discretion, if the defendant establishes the judgment was

---

[6] Although referred to by the cases cited, as well as by the family court, as a default judgment, the procedure used in this case was equivalent to that specified in Code of Civil Procedure section 594, subdivision (a), for trial of a case in the absence of the adverse party.

taken against him or her "through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473(b).)[7]

"The general underlying purpose of section 473(b) is to promote the determination of actions on their merits." (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839.) "Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.) However, such relief remains expressly discretionary "when the error is the client's alone." (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 442.)

In determining whether mistake or inadvertence was excusable, ""'the court inquires whether "a reasonably prudent person under the same or similar circumstances" might have made the same error.'"" (*Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1112; accord, *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276; *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423.) "An honest mistake of law is a valid ground for [discretionary relief under section 473(b)] when the legal problem posed "'is complex and debatable.'"" (*State Farm Fire & Casualty Co. v. Pietak*

---

[7] Section 473(b) also provides for mandatory relief from a default judgment or dismissal due to attorney mistake or neglect. (See *Jackson v. Kaiser Foundation Hospitals, Inc.*, *supra*, 32 Cal.App.5th at pp. 173-174.) As noted, Mayank was self-represented when he failed to personally appear for trial and the default judgment was entered.

9

(2001) 90 Cal.App.4th 600, 611.)  "The controlling factors in determining whether a mistake of law is excusable are the reasonableness of the misconception and the justifiability of the failure to determine the correct law."  (*Ibid*.)

The party seeking relief bears the burden of proof and """"must show a satisfactory excuse for his default"""" and diligence in making the motion.  (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410 (*Hopkins*).)  "It is simply not enough to assert a general state of misapprehension or ignorance on some subject bearing on a possible defense.  He must specify the actual cause of his failure to present the defense the first time around, and explain why that failure should be excused."  (*Ibid*.)

"'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.'"  (*Zamora v. Clayborn Contracting Group, Inc.*, (2002) 28 Cal.4th 249, 257.)  "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason."  (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249; accord, *Grados v. Shiau* (2021) 63 Cal.App.5th 1042, 1049.)  If a ruling turns on a disputed issue of fact, the trial court's express and implied factual determinations are not disturbed on appeal if supported by substantial evidence. (*Strathvale Holdings*, at p. 1250; see *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632 ["[i]f the trial court's resolution of [a disputed] factual issue is supported by substantial evidence, it must be affirmed"]; see also *Zamora*, at p. 258 [""where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed""].)

2. *The Family Court Did Not Abuse Its Discretion in Ordering Mayank To Personally Appear at Trial and Denying Mayank's Motion To Set Aside the Default Judgment*

Mayank's fundamental claim is that the family court abused its discretion in denying permission for him to appear telephonically—and, as a consequence, denied him his right to due process—given his "inability to attend the trial in person due to his residence in Switzerland, COVID-related travel difficulties, his lack of a visa, and his threat of detention upon entering the United States." Elaborating, Mayank asserts he lacked an entry visa, feared he would be detained upon arrival because Priyanka had informed immigration authorities of the domestic violence restraining order against him and the COVID-19 pandemic made international travel extremely difficult.

Applying rule 5.9 and explaining its reasoning (the parties were self-represented; the matter would be contentious; many documentary exhibits were anticipated), the family court determined it would not be appropriate to allow Mayank to appear telephonically. The March 3, 2020 trial took place before the widespread court closures due to the pandemic; and the court's decision to require Mayank to attend in person was communicated months before the trial date, giving Mayank ample time to arrange to be present (it was he, after all, who initiated the dissolution proceedings in Santa Clara County) or to file a proper, formal request to appear telephonically and to provide proof of his claims that he had no visa or could not obtain one (contentions expressly disputed by Priyanka). There was no abuse of discretion in requiring Mayank to appear in person.

11

As to the grounds for setting aside a default judgment in section 473(b), Mayank no longer argues, as he did in the family court, he was entitled to relief based on "surprise." He likewise has failed to establish any of the other statutory bases for discretionary relief.

Blending the concepts of mistake of fact and mistake of law, Mayank contends the family court should have granted relief because of his good faith error "in assuming that because circumstances made it virtually impossible for him to appear in person, this would be taken into account by the court in some fashion, rather than the court proceeding to adjudicate the matter as if he did not exist and that there was no evidence in his favor." But there was no mistake of fact—Mayank knew what the family court had ordered (see, e.g., *H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1368 ["'[a] mistake of fact exists when a person understands the facts to be other than they are'"]); and it simply was not reasonable for Mayank to believe, whether as a matter of fact or a question of law, that he would not suffer adverse consequences for disregarding an explicit court order that he appear at trial in person. (See *Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1146 [when evaluating a section 473(b) motion based on a claim of mistake, "[w]e must ask '"whether 'a reasonably prudent *person* under the same or similar circumstances' might have made the same error"'"]; cf. *Hopkins, supra,* 200 Cal.App.4th at p. 1413 ["[i]n considering whether a mistake of law furnishes grounds for relief, '"the determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law"'"].)

There is similarly no merit to Mayank's argument his failure to appear was the result of excusable neglect because he "did everything he reasonably could to enable himself to appear in person." The record fails to show what, if any, steps Mayank actually took to obtain a visa during the three and one-half months between the November 18, 2019 order that he appear personally at trial and the March 3, 2020 trial date or to determine whether his fears of detention upon entry into the United States were justified. And as the family court noted, the scheduled March 3, 2020 trial took place before the pandemic precluded in-person appearances.[8]

Nor did Mayank act reasonably in seeking permission to appear telephonically. Rather than file a formal request with a declaration supported by competent evidence, he relied upon improper email communications with the court clerk and unauthorized efforts to schedule his appearance through CourtCall. On this record the family court's denial of relief under section 473(b) was well within its ample discretion.[9]

---

[8] Former President Trump's initial 30-day travel ban from Europe was not imposed until March 11, 2020.

[9] Mayank's critical critique of the evidence presented by Priyanka at the March 3, 2020 trial and his challenge to the fairness of the family court's rulings concerning the proper division of the parties' property are not properly before us in an appeal limited to the order denying the motion to set aside the judgment. (See fn. 4, above.)

## DISPOSITION

The order denying Mayank's motion to set aside the default judgment is affirmed.   Priyanka is to recover her costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.