Filed 1/9/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| KAMYAR R. SHAYAN, | B293857 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC656852) |
| v. | |
| SPINE CARE AND ORTHOPEDIC PHYSICIANS et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard Fruin, Jr., Judge. Affirmed.

Herzog, Yuhas, Ehrlich & Ardell, Evan D. Marshall, Ian Herzog for Defendants and Appellants.

Law Offices of Kamyar R. Shayan and Kamyar R. Shayan for Plaintiff and Respondent.

————————————————

Plaintiff and Respondent Kamyar Shayan filed an interpleader action to resolve claims about a disputed $19,365 sum. Two claimants and defendants had notice of the trial date but failed to appear. The court conducted the trial, adjudicated the case on the merits, and entered judgment. Later these claimants filed a motion for relief under the mandatory provision of subdivision (b) of section 473 of the Code of Civil Procedure. (All statutory citations are to this code.) This mandatory provision applies only to defaults, default judgments, and dismissals. The trial court denied this motion because the trial on the merits had not been a default, a default judgment, or a dismissal. Rather, it had been a trial on the merits. We affirm the trial court's straightforward interpretation of statutory language.

The essential facts are these. Shayan is a lawyer who recovered about $30,000 for his client Angelica Mazariegos in a personal injury action. Various entities had liens on this recovery. Among them were Appellants Spine Care & Orthopedic Physicians (Spine Care) and C&C Factoring Solutions (C&C). Shayan subtracted about $10,000 for his fee, deposited the remaining $19,365, and initiated this interpleader action, naming Mazariegos, Spine Care, and C&C as interpleader defendants. These three defendants filed answers. The court set the trial date. All parties had actual notice of this trial date, which was June 4, 2018. Spine Care and C&C did not appear at the trial. The trial court proceeded with trial, heard evidence, and rendered judgment. The court signed the judgment on June 16, 2018 and Shayan gave notice. Then on July 25, 2018, Spine Care and C&C, represented by new counsel, filed a motion to vacate default and default judgment. The court heard this motion and

2

took additional briefing. It denied the motion after a second hearing. Its main reason was that the motion sought relief under the mandatory portion of subdivision (b) of section 473, but that section applied only to defaults, default judgments, and dismissals, none of which had occurred in this case. Spine Care and C&C appeal this ruling.

Our review is independent. (*The Urban Wildlands Group, Inc. v. City of Los Angeles* (2017) 10 Cal.App.5th 993, 998 (*Urban*).)

When lawyers make mistakes, they try to turn to subdivision (b) of section 473 for relief. This subdivision offers two kinds of relief. One is discretionary. The other is mandatory. The mandatory provision is the one at issue here.

The text of subdivision (b) of section 473 is the focus of this dispute, so we excerpt the pertinent text and italicize its key words:

"[T]he court shall . . . vacate any (1) resulting *default* entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting *default judgment* or *dismissal* entered against his or her client, unless the court finds that the *default* or *dismissal* was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

The trial court said this provision applied only to defaults, default judgments, and dismissals and thus did not apply here, where there were no defaults, default judgments, or dismissals.

Spine Care and C&C argue for a more sweeping application of this subdivision that would expand the wording about defaults, default judgments, and dismissals to all "analogous" situations. There is some older case law support for this "analogous"

approach. But more recent cases have hewed to the statute as the Legislature wrote it. We join with these more recent cases.

Presiding Justice Paul Turner thoroughly canvassed the cases and the arguments in his *Urban* decision. Quoting a range of authorities, the *Urban* decision basically ruled this statute means what it says and says what it means, which resolves the issue: the statute covers only defaults, default judgments, and dismissals. The *Urban* case acknowledged and disagreed with earlier and contrary authority, which had expanded the reach of the statute to situations "analogous" to defaults, default judgments, and dismissals. *Urban* rejected these extensions of the statute as contrary to its plain language. (See *Urban*, *supra*, 10 Cal.App.5th at pp. 998–1001.)

The Weil and Brown treatise agrees. It states "more recent cases hold that the provision for mandatory relief does not apply absent an actual default, default judgment or dismissal. This is probably the better view, since CCP § 473(b) refers only to 'defaults' and 'dismissals.'" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) ¶¶ 5:300.6 to 5:300.8.)

We agree with *Urban* and the treatise: the plain language of the statute is unambiguous and controlling. It would be a disservice to embroider this language with freeform extensions to "analogous" situations. Lawyers are pretty good at inventing analogies. This provision sees heavy use in trial courts. In the long run, everyone benefits from clear, exact, and predictable rules of civil procedure. This statute, as written, gives a clear, exact, and predictable rule. The Legislature can amend it if the coverage is wrong. Until the Legislature acts, the statute's words settle the matter.

4

## DISPOSITION

The judgment is affirmed.  Costs to Shayan.


WILEY, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.