Filed 12/4/25

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROBERTO SOLIS RODRIGUEZ, <br><br>     Plaintiff and Appellant, <br><br>     v. <br><br> WNT, INC., et al., <br><br>     Defendants and Respondents. | D084642 <br><br><br> (Super. Ct. No. 37-2019-00063383-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Law Offices of Ilan N. Rosen Janfaza and Ilan N. Rosen Janfaza for Plaintiff and Appellant.

Keffrey Law, Gary A. Wolensky, and Derek Milosavljevic for Defendants and Respondents.


Roberto Solis Rodriguez appeals from a judgment entered after the trial court dismissed his personal injury complaint against defendants WNT, Inc. (WNT), doing business as Plaza Hotel, and Lester White as a terminating sanction for discovery violations.  Rodriguez argues that the trial court erred by: (1) denying his request to set aside the terminating sanctions under the

mandatory relief provision of Code of Civil Procedure[1] section 473, subdivision (b) (section 473(b)); and (2) declining to impose sanctions less drastic than terminating sanctions. We hold that the mandatory relief provision of section 473(b) applies to an order granting an unopposed request for dismissal as a terminating sanction, but we conclude that Rodriguez otherwise failed to meet his burden of establishing entitlement to mandatory relief. We further conclude that the trial court did not abuse its discretion in imposing terminating sanctions. We therefore affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Complaint*

In November 2019, Rodriguez sued WNT, White, 1037 4th Avenue, LLC (1037 4th Avenue), Single Room Occupancy Housing Corporation (Single Room), Willis Kaufman, and unnamed Does 1 through 20, alleging he was harmed during his 2017 stay at the Plaza Hotel in San Diego, California. Specifically, he claimed that WNT, White, and the other named defendants were liable for a bed bug infestation in his room. He asserted causes of action for battery, negligence, intentional infliction of emotional distress, breach of implied warranty of habitability, breach of covenant of quiet enjoyment, violation of Civil Code section 1942.4 (addressing liability for habitability violations), private nuisance, and public nuisance. He alleged in his roughly 100-paragraph complaint, among other things, that he incurred expenses from the medical treatment of his injuries.

In December 2021, Rodriguez requested that the court dismiss Single Room as a party without prejudice, which the court granted. The next month, the court granted Rodriguez's request to also dismiss 1037 4th Avenue as a party without prejudice.

---

[1] Undesignated code references are to the Code of Civil Procedure.

2

Rodriguez did not serve the summons and complaint on WNT and White until September 2022, nearly three years after he filed his initial complaint.

B. *Defendants' Motions to Compel and for Non-Terminating Sanctions*

WNT and White, who were represented by the same counsel at that point, served discovery on Rodriguez in December 2022 which included interrogatories, requests for admission, requests for production of documents, and a request for statement of damages. Rodriguez did not timely respond to the request for statement of damages and sought a one-week extension to respond to the other discovery requests, which defendants agreed to. Rodriguez's counsel requested another extension at the end of January 2023, which defendants agreed to on the condition that Rodriguez provide his relevant medical records and the overdue response to the request for statement of damages by early February 2023. Rodriguez's counsel agreed to those conditions but then failed to meet them, and did not respond to the other outstanding discovery requests by the twice-extended deadline of February 15, 2023. Shortly after that deadline passed, Rodriguez's attorney agreed by phone that all objections to the discovery requests had been waived. Defendants' counsel agreed to hold off on filing a motion to compel if Rodriguez served objection-free responses to the outstanding discovery requests by February 24, 2023. Rodriguez provided no responses by that date, nor did he request an extension.

In March 2023, defendants filed motions to compel discovery responses and a motion for an order deeming admitted each of defendants' requests for admission. Defendants also requested monetary sanctions for the cost of bringing the motions. Rodriguez filed no declarations or oppositions to the motions, nor did he provide any discovery responses.

3

In May 2023, the court held a discovery hearing on defendants' motions to compel, but the transcript is not included in the record on appeal and Rodriguez did not appear. The court granted all of the unopposed motions, ordering that: (1) defendants' requests for admission be deemed admitted by Rodriguez; (2) Rodriguez serve responses without objections to defendants' requests for production within 20 days of the hearing and produce documents within 25 days of the hearing; (3) Rodriguez serve responses without objections to defendants' interrogatories within 20 days of the hearing; and (4) Rodriguez pay monetary sanctions totaling $1,116.25. The court found that Rodriguez's failure to serve discovery responses "was without substantial justification."

C. *Defendants' Motion for Terminating Sanctions*

After Rodriguez failed to provide responses as ordered, in June 2023, defendants moved for terminating sanctions and requested that the court dismiss the case with prejudice as to all parties and causes of action and impose additional monetary sanctions. Rodriguez filed no opposition. His attorney, Ilan N. Rosen Janfaza, instead submitted a declaration stating that he and his staff were "unsure" of Rodriguez's whereabouts and that Janfaza was "sincerely concerned for [Rodriguez's] well-being[.]" The declaration said that Janfaza was "in the process of working alongside a private investigator" to establish contact with Rodriguez and that Janfaza would "proceed with withdrawing as Counsel should several good faith attempts to locate [Rodriguez] be unsuccessful." Janfaza requested that the court continue the hearing on defendants' motion for terminating sanctions for approximately 90 days so that his office could have "ample time to locate" Rodriguez.

The court heard argument on defendants' motion for terminating sanctions in August 2023. Counsel for Rodriguez appeared at the hearing

4

remotely. The minute order from the unreported hearing states that the court read and considered "the moving and opposing papers, including the declaration of Plaintiff's counsel[.]" The court noted that it understood Rodriguez's counsel could not locate him and that it was "laudable" for his counsel to seek a continuance of the hearing, but the court also observed that it would be "unduly prejudicial and unreasonable" to defendants to continue the hearing. The court also found that Rodriguez's failure to comply with the court's May 2023 discovery order was "without substantial justification." The court granted defendants' request for terminating sanctions "based on the reasons stated in the moving papers" but stayed its ruling for 60 days—until October 24—so that Janfaza would have time "to bring [the] location of [his] client to the attention of the Court."

On October 6, 2023, Janfaza filed an ex parte application requesting that the court vacate both its May 2023 discovery sanctions order and the August 2023 terminating sanctions order "in light of the fact that the client has been found and that he would like to proceed forward with the litigation." The court denied the application without prejudice at an unreported hearing on October 10, 2023.

A week later Rodriguez served responses with objections to defendants' discovery requests, including the requests for admission, despite the court's May 2023 order deeming defendants' requests for admission admitted and directing Rodriguez to serve objection-free responses.

The day before the October 24, 2023 stay expiration for the terminating sanctions order, Janfaza filed another ex parte application again requesting that the court vacate its May and August 2023 orders for the same reasons given in the prior application. The court heard from counsel at an unreported hearing on October 25, 2023 and after "having read the moving papers,"

5

denied the application for lack of good cause.  The court then found that the stay had expired and ruled that "the case [was] to be dismissed," directing defendants to prepare a judgment of dismissal.  On October 26, 2023, Rodriguez served objection-free discovery responses to defendants.

D. *Rodriguez's First and Second Motions for Reconsideration and Other*
   *Relief Under Section 473(b)*

In early November 2023 before judgment was entered, Rodriguez moved for the court to reconsider its October 2023 dismissal ruling under section 1008, subdivisions (a) and (c).  In the alternative, Rodriguez asked the court to set aside the dismissal under section 473(b) because he contended his noncompliance with the court's May 2023 discovery order was due to his counsel's mistake, inadvertence, surprise, or neglect.  An attached declaration from Janfaza stated that Rodriguez was considered a "missing" plaintiff until September 27, 2023, and that Janfaza and his office staff had tried contacting him "on multiple occasions via many communication outlets and were genuinely concerned" for Rodriguez's well-being until they were finally able to reach him.  Janfaza explained that he "mistakenly thought that finding [his] client would be enough" to have the August 2023 order "lifted."  Janfaza's declaration also said that his office served discovery responses with objections because he "mistakenly believed that the discovery order from the October 10, 2023 hearing" superseded the May 2023 order and that Rodriguez could provide discovery responses with objections.  Lastly, Janfaza attached a doctor's note to his declaration, asserting that his extended medical leave and some office staffing issues also contributed to the delays.

A week later Rodriguez filed a second motion seeking "other" relief which is not included in the record.  According to a subsequent minute order,

6

this motion apparently sought discretionary and mandatory relief from the court's May 2023 discovery order under section 473(b), or in the alternative, requested that the court reconsider its May 2023 discovery order pursuant to section 1008.

On November 27, 2023, the court entered a judgment of dismissal as to all of Rodriguez's causes of action, ordered Rodriguez to pay monetary sanctions totaling $4,383.75, and awarded defendants their costs.

The court heard argument on Rodriguez's motions for reconsideration and for other relief under section 473(b) in January 2024. There is no transcript from that hearing in the record on appeal. According to the minute order, the court granted in part and denied in part Rodriguez's first motion as to the October 2023 dismissal order. The court found that it lacked jurisdiction to reconsider its October 2023 dismissal ruling because judgment had already been entered. As to Rodriguez's alternative request under section 473(b), the court noted that the October 2023 dismissal ruling was based on Rodriguez's "failure to serve responses, without objections, within the 60 day period set forth within the August 25, 2023 order." The court nonetheless decided to set aside its October 2023 order and the subsequent judgment because it found that Rodriguez's section 473(b) request was timely, and whether Janfaza's mistake was excusable was not a relevant factor for mandatory relief.

The court, however, denied Rodriguez's second motion for discretionary and mandatory relief under section 473(b) as to its May 2023 discovery order. The court found that section 473(b)'s mandatory provision does not apply to orders like the May 2023 discovery order because it did not involve any "default" as contemplated by that section. The court also ruled that Rodriguez was not entitled to relief under section 473(b)'s discretionary

7

provision because: (1) Janfaza's declaration failed to explain why he never informed defense counsel or the court that he had lost touch with Rodriguez; (2) Janfaza failed to explain why he "did not at least serve incomplete responses in order to preserve objections"; (3) Janfaza did not give a reason for failing to oppose defendants' motions to compel or to appear at the May 2023 hearing on the motions; and (4) Rodriguez did not provide a declaration explaining why he "did not maintain contact with counsel, provide counsel with updated contact information, and/or initially work with counsel to litigate this action."  The court held that given the "incomplete record," it was unable to conclude that Rodriguez's failure to serve timely discovery responses constituted mistake, inadvertence, or excusable neglect.

The court went on to deny relief under section 1008 on procedural and substantive grounds that are not relevant to the issues on appeal.

E. *Rodriguez's Third Motion for Reconsideration and Other Relief Under Section 473(b)*

In February 2024, Rodriguez filed another motion under the mandatory and discretionary provisions of section 473(b), this time seeking relief from the court's August 2023 order granting and staying terminating sanctions. As with his first two motions, Rodriguez argued that the court should also reconsider its order under section 1008.  Janfaza's declaration repeated assertions from prior declarations about his office losing contact with Rodriguez, but this time he added that he had failed "to proactively look for" his client and failed to "hire a private investigator earlier in this matter." Janfaza again took responsibility for serving discovery responses that included objections.

The court denied Rodriguez's third motion in May 2024 after an unreported hearing.  Counsel for both sides appeared at the hearing.  The

8

court acknowledged that it previously set aside its October 2023 order of dismissal and the subsequent judgment, but that it had not addressed the August 2023 order that the October order was based upon. The court then concluded, as it had for the May 2023 discovery order, that the mandatory provision of section 473(b) did not apply to the August 2023 terminating sanctions order. It further found that Janfaza's mistake, inadvertence, surprise, or neglect was not excusable, and that Rodriguez himself had not explained why he failed to communicate with his attorney. The court directed defendants to "re-submit a judgment of dismissal" now that Rodriguez "had the opportunity to seek to set aside" the order imposing terminating sanctions.

The court issued a new judgment of dismissal on May 28, 2024, which mirrored the earlier judgment and also ordered Janfaza and his firm to pay $2,762.50 in attorney fees to defendants.

DISCUSSION

Rodriguez's arguments on appeal fall into two categories: (1) the trial court erred when denying Rodriguez's requests for mandatory relief under section 473(b) from the August 2023 order granting terminating sanctions, and (2) the court abused its discretion by imposing terminating sanctions without first using less drastic measures.[2] We address each in turn.

I

Rodriguez first challenges the denial of his request to set aside the court's August 2023 terminating sanctions order under section 473(b)'s

---

[2] Rodriguez mentions in passing two other arguments in the introduction of his brief which he does not go on to develop with meaningful argument or citation to authority: (1) the court failed "to reconsider and vacate" its May and August 2023 orders, and (2) the court abused its discretion "in denying relief under the permissive provisions of [section] 473(b)." These arguments

mandatory provision. We conclude that the mandatory relief provision of section 473(b) applies to an order granting an unopposed motion to dismiss as a terminating sanction, but Rodriguez failed to meet his burden of establishing entitlement to relief under this provision. Accordingly, we affirm the court's decision declining to set aside the terminating sanctions under section 473(b).

*A. Governing Law*

"Section 473, subdivision (b), contains two distinct provisions for relief: one is discretionary and is reserved for situations of excusable neglect, while the other is mandatory and applies even to inexcusable neglect of an attorney resulting in his or her client's default provided that the attorney submits an adequate affidavit of fault." (*Bailey v. Citibank, N.A.* (2021) 66 Cal.App.5th 335, 348 (*Bailey*).) "The general underlying purpose of section 473(b) is to promote the determination of actions on their merits. [Citation.] The additional, more specific purposes of section 473(b)'s provision for relief based on attorney fault is to 'relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits.' " (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses,* LLC (2015) 61 Cal.4th 830, 839.)

The mandatory provision, which was added to section 473(b) in 1988, requires relief when the application is accompanied by an attorney affidavit

---

are forfeited for lack of development and sufficient citations to authority and the record. (See *Ables v. A. Ghazale Brothers, Inc.* (2022) 74 Cal.App.5th 823, 828; see also *Hollingsworth v. Heavy Transport, Inc.* (2021) 66 Cal.App.5th 1157, 1172, fn. 3 [arguments mentioned in introduction of opening brief but not developed in argument were forfeited].) Accordingly, we do not address them here.

attesting to their "mistake, inadvertence, surprise, or neglect" resulting in a default, default judgment, or dismissal entered against their client, "*unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.*" (§ 473, subd. (b), italics added; see *Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 437 (*Martin Potts*).) In the original version, section 473(b)'s mandatory provision applied only to a "default" or "default judgment." (*Jerry's Shell v. Equilon Enterprises, LLC* (2005) 134 Cal.App.4th 1058, 1070 (*Jerry's Shell*).) "The words 'or dismissal' were added to the provision in 1992 at the behest of the State Bar 'to give parity to plaintiffs whose attorneys' neglect, surprise, or inadvertence caused them to lose the opportunity to pursue their cases.'" (*Ibid.*)

The discretionary provision provides in relevant part that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or *excusable* neglect." (§ 473, subd. (b), italics added.) The mandatory provision is both narrower and broader in scope than the discretionary provision. It is "narrower in scope insofar as it is only available for defaults, default judgments, and dismissals, while discretionary relief is available for a broader array of orders." (*Martin Potts, supra*, 244 Cal.App.4th at p. 438.) It is "broader in scope insofar as it is available for inexcusable neglect [citation], while discretionary relief is reserved for '*excusable* neglect.'" (*Ibid.*)

When a motion for relief is brought under section 473(b), the moving party has the burden to show entitlement to such relief. (*Marcotte v.*

11

*Municipal Court* (1976) 64 Cal.App.3d 235, 239; *Goodson v. Bogerts, Inc.* (1967) 252 Cal.App.2d 32, 38.)

B. *Standard of Review*

Whether section 473(b)'s mandatory provision requirements have been satisfied "is a question we review for substantial evidence where the evidence is disputed and de novo where it is undisputed." (*Martin Potts, supra*, 244 Cal.App.4th at p. 437; see *Bailey, supra*, 66 Cal.App.5th at p. 348.) Because there appears to be no material dispute in the evidence, we will review the trial court's order de novo.

We must affirm if the trial court's decision is correct on any theory of law applicable to the case. (See *Estate of Beard* (1999) 71 Cal.App.4th 753, 776–777.)

C. *Analysis*

Rodriguez argues that the trial court should have granted him mandatory relief from its terminating sanctions order under section 473(b) based on Janfaza's declaration of fault. Defendants contend that section 473(b)'s mandatory provision does not apply to discovery sanction orders, and even if it does, Rodriguez is ineligible for relief because (1) his misconduct was a contributing cause of the dismissal; and (2) his counsel deliberately failed to respond to discovery requests and motions.

1. *The Mandatory Relief Provision of Section 473(b) Applies to an Order Granting an Unopposed Motion for Dismissal as a Terminating Sanction*

We first consider whether the terminating sanctions order constitutes a "default," "default judgment," or "dismissal" within the meaning of the mandatory relief provision. "There are two lines of cases concerning the interpretation of 'dismissal' and 'default judgment' in section 473, subdivision

12

(b). The first line of cases holds that 'dismissal' and 'default judgment' mean only that, and should not be expanded to include other judgments." (*The Urban Wildlands Group, Inc. v. City of Los Angeles* (2017) 10 Cal.App.5th 993, 998 (*The Urban Wildlands*) [citing cases].) "The second line of cases offers a broader definition and applies the mandatory relief provisions to judgments that are the procedural equivalents of defaults, default judgments, or dismissals." (*Ibid.* [citing cases].)

The leading decision for the first line of cases is *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130 (*English*). The issue in *English* was whether the mandatory relief provision of section 473(b) applied to an order granting summary judgment where the plaintiff had failed to file an opposition to the motion. The court held it did not apply "because a summary judgment is neither a 'default,' nor a 'default judgment,' nor a 'dismissal' within the meaning of section 473(b)." (*Id.* at p. 133.)

The court first concluded that the term "default" as used in section 473(b) refers narrowly "to a 'default' entered by the clerk (or the court) when a defendant fails to answer a complaint, not to every 'omission' or 'failure' in the course of an action that might be characterized as a 'default' under the more general meaning of the word." (*English, supra*, 94 Cal.App.4th at p. 143.) The court then concluded that the term "default judgment" means "a judgment entered after the defendant has failed to answer the complaint and the defendant's default has been entered." (*Ibid.*) Applying these definitions, the court concluded that a summary judgment is neither a "default" nor a "default judgment" because it "does not result from a defendant's failure to answer the complaint." (*Id.* at p. 144.)

The court then turned to the statutory word "dismissal" added in 1992 and concluded that it carried "a limited meaning similar to the term 'default

13

judgment.' " (*English, supra*, 94 Cal.App.4th at p. 145.) The court noted that the legislative history of the 1992 amendment demonstrated the Legislature intended "to achieve parity between defendants and plaintiffs in their entitlement to relief under the mandatory provision of section 473(b)." (*Ibid*.) The court therefore found that this provision was " 'intended to reach only those dismissals which occur through [the plaintiff's] failure to oppose a dismissal motion—the only dismissals which are procedurally equivalent to a default.' " (*Id*. at p. 141, quoting *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1817.) It further concluded that a "dismissal" in this context means the removal by a court of an application for judicial relief. (*English*, at p. 148.) The court ultimately ruled that a summary judgment for the defense is not a dismissal within the meaning of section 473(b) because it "does not constitute a removal of the plaintiff's application for judicial relief, but rather an adjudication of that application based on the undisputed facts before the court." (*Id*. at p. 149.)

"Numerous Courts of Appeal have followed *English*'s line of reasoning." (*The Urban Wildlands, supra*, 10 Cal.App.5th at p. 999 [citing cases applying *English* in a variety of different contexts].) The minority view—applying section 473(b) more broadly to other situations analogous to a default or dismissal—originated with older authorities that have since been "disapprove[d]" in favor of the *English* approach. (*Urban*, at p. 1000; see also *Shayan v. Spine Care & Orthopedic Physicians* (2020) 44 Cal.App.5th 167, 170–171 [declining to follow "earlier and contrary authority" on this issue].) We find the reasoning of *English* to be persuasive and therefore follow the majority view in adopting its holding.

Applying this analysis, an order granting terminating discovery sanctions against a plaintiff is not a "default" or "default judgment" within

the meaning of section 473(b) because it "does not result from a defendant's failure to answer the complaint." (*English, supra*, 94 Cal.App.4th at p. 144.) We must therefore consider whether such an order is a "dismissal" within the meaning of the statute.

Terminating sanctions may take a variety of different forms. (§ 2023.030, subd. (d).) These include "[a]n order dismissing the action" if sanctions are imposed against the plaintiff (*id.*, subd. (d)(3)) and "[a]n order rendering a judgment by default" if sanctions are imposed against the defendant (*id.*, subd. (d)(4)). By its terms, the defense motion for terminating sanctions against Rodriguez requested a dismissal of the entire action. Because Rodriguez did not file any opposition to the motion, the circumstances involve a plaintiff's "failure to oppose a dismissal motion."[3] (*English, supra*, 94 Cal.App.4th at p. 141.) Moreover, the dismissal resulted in "a removal of the plaintiff's application for judicial relief." (*Id.* at p. 149.) Unlike the summary judgment order in *English*, which was "an adjudication" of the plaintiff's complaint "based on the undisputed facts before the court" (*ibid.*), the order granting dismissal as a terminating sanction ended Rodriguez's ability to seek an adjudication of his claims. The order "constitute[d] a removal of the plaintiff's application for judicial relief" (*ibid.*) as a sanction for his discovery violations. Under *English*, this unopposed order qualifies as a dismissal within the meaning of section 473(b).

Our reasoning differs from the only published decision on this issue, even though it would compel the same result. (*Rodriguez v. Brill* (2015) 234

---

3    Although the trial court's minute order refers to "the moving and opposing papers, including the declaration of Plaintiff's counsel," no opposition papers were filed to the motion for terminating sanctions. The declaration of Rodriguez's counsel merely sought a 90-day continuance of the hearing on the motion.

Cal.App.4th 715, 725–726 (*Rodriguez*). *Rodriguez* held that the mandatory relief provision of section 473(b) applies to "dismissals entered as a terminating sanction for discovery abuse" but did not limit its holding to situations in which the sanctioned party had failed to oppose the dismissal motion. (*Id.* at p. 726.) The plaintiff in *Rodriguez* had in fact filed a document "which apparently was treated by all parties as an opposition to [the dismissal] motion." (*Id.* at p. 721.) Without mentioning *English* or applying its analysis, the *Rodriguez* court concluded that mandatory relief was available because a terminating sanction of dismissal is " 'the practical equivalent of a default judgment.' " (*Id.* at p. 725.)

In contrast to *Rodriguez*, we conclude that such a terminating sanction qualifies as a dismissal under section 473(b) and *English* only if the plaintiff failed to oppose the motion seeking dismissal. (See *English, supra*, 94 Cal.App.4th at p. 141; see also *Matera v. McLeod* (2006) 145 Cal.App.4th 44, 63–67 [mandatory relief provision of section 473(b) applied where defendants failed to oppose a motion for terminating sanctions, resulting in an order striking their answer and entry of defaults and default judgment].) We part company with *Rodriguez* to the extent it suggested otherwise. Such a result would conflict with the *English* line of cases. The only authority *Rodriguez* cited on this issue was *Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, but in that case, no opposition to the motion to dismiss was filed because the plaintiff's attorney had been suspended from the practice of law and had effectively abandoned him. (*Id.* at pp. 730–732, 738.) Moreover, *Aldrich* did not grant relief under section 473(b) but did so in the exercise of the court's inherent equitable powers based on extrinsic fraud or mistake. (*Id.* at pp. 735–741.) The *Rodriguez* court, by treating a terminating sanction of dismissal as the practical equivalent of a default

16

judgment under section 473(b) even though the plaintiff had filed a document opposing the dismissal motion, appears to have adopted a version of the minority view that was rejected in *English* and subsequent cases, but without actually discussing either line of authorities.

Applying the *English* analysis, we conclude that the mandatory relief provision of section 473(b) applies to the trial court's August 2023 order granting the unopposed defense request for dismissal as a terminating sanction.

2. *Rodriguez Otherwise Failed to Meet his Burden of Establishing Entitlement to Mandatory Relief*

For several reasons, we nevertheless conclude that Rodriguez failed to meet his burden of establishing entitlement to mandatory relief under section 473(b). (See *Hopkins v. Carley & Gens* (2011) 200 Cal.App.4th 1401, 1410 ["The party seeking relief [under section 473(b)] . . . bears the burden of proof in establishing a right to relief."].) First, Rodriguez's own moving papers disclosed that he ceased communicating with his counsel, yet he provided no explanation of the circumstances that caused him to do so. As the trial court ruled: "Th[e] failure to participate in written discovery originates in Plaintiff's failure to communicate with his attorney. There is no declaration from Plaintiff explaining the reasons why Plaintiff did not maintain contact with his counsel, provide counsel with updated contact information or initially work with counsel to litigate this action."

Without any such explanation, Rodriguez failed to meet his burden of establishing that his own fault did not cause the discovery violations, failure to oppose discovery motions, and resulting dismissal. Mandatory relief is available only if the default or dismissal was "in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473(b).) Relief "is confined to

17

situations in which the attorney, rather than the client, is the cause of the default, default judgment, or dismissal." (*Martin Potts, supra*, 244 Cal.App.4th at p. 439.) By choosing to provide no information whatsoever as to the reasons why he lost contact with his own counsel, Rodriguez failed to meet his burden of showing his own conduct did not cause the dismissal. For all we can tell from this record, Rodriguez could have received his counsel's messages but chosen to ignore them because he did not wish to provide any discovery answers. We cannot tell because Rodriguez has not said. In these circumstances, his attorney's bare assertion that he was solely at fault does not mandate relief. (See, e.g., *Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622–623 [affirming denial of section 473(b) relief based on client's involvement in discovery misconduct despite counsel's "sworn statement that the discovery fiasco was solely his fault"].) A litigant seeking mandatory relief cannot demonstrate their entitlement by being cagey or evasive about their own evident involvement in the circumstances leading to the default or dismissal.

Second, Rodriguez's counsel's conduct did not constitute "mistake, inadvertence, surprise, or neglect" within the meaning of section 473(b) because it amounted to a "deliberate failure to respond to discovery or oppose discovery motions." (*Jerry's Shell, supra*, 134 Cal.App.4th at p. 1074.) In *Jerry's Shell*, the evidence established that plaintiffs' counsel regularly failed to respond to discovery when it was due, ignored defense attempts to meet and confer, failed to comply with discovery orders, and did not respond to motions to compel and for terminating sanctions. (*Id.* at pp. 1061–1074.) After the court granted terminating sanctions, the plaintiffs sought relief under section 473(b). (*Id.* at pp. 1064–1065.) The court denied the request. (*Id.* at pp. 1066–1067.)

18

In affirming the denial of mandatory relief, the Court of Appeal concluded that the record established counsel's failure to respond to discovery or discovery motions was deliberate rather than a mistake. (*Jerry's Shell, supra*, 134 Cal.App.4th at pp. 1060, 1071–1074.) The court explained: "The evidence before the trial court established that appellants' attorneys regularly failed to respond to discovery when it was due, without informing the other side or seeking an extension. . . . This gave opposing counsel no choice but to go to the trouble and expense of preparing and filing a motion to compel. But even a formal motion did not engender a response. And while appellants' counsel did not oppose such motions, neither did they concede. Thus, the court was drawn into the conflict, wasting judicial resources and . . . leading to further expense. Finally, when an order issued compelling responses, appellants' counsel defied that too, leading to a second go round of each of these wearying steps." (*Id*. at p. 1073.) "When the ultimate sanction of dismissal inevitably reared its head, appellants' counsel's obvious plan was to claim attorney fault and revive the claims through a section 473(b) motion for relief. If we were to hold that counsel's actions were subject to automatic, mandatory relief, we would be rewarding and encouraging this wholly improper conduct. *A party cannot justly be permitted to seek relief under section 473(b) from sanctions imposed for deliberate failure to respond to discovery or oppose discovery motions*." (*Id*. at pp. 1073–1074, fn. omitted, italics added.)

The holding of *Jerry's Shell* applies here. Rodriguez's counsel "can point to no . . . mistake about the need to respond to discovery or the need to oppose the motion for sanctions." (*Jerry's Shell, supra*, 134 Cal.App.4th at p. 1074.) He deliberately chose to ignore multiple discovery requests, motions, and orders over a period of many months as a way of dealing with

19

his client's failure to communicate.  He did not notify the court or opposing counsel of the problem or seek any further extensions, continuances, or a stay.  Only when he was finally faced with a motion for terminating sanctions after months of noncompliance did Rodriguez's counsel submit a declaration notifying the court and opposing counsel and seeking a further delay of 90 days.  This was not a "mistake, inadvertence, surprise, or neglect, but was instead knowing and intentional conduct" to buy additional time.  (*Pagarigan v. Aetna U.S. Healthcare of California, Inc.* (2007) 158 Cal.App.4th 38, 45–46.)  "While calling this practice a 'strategy' is perhaps too generous a term" (*Jerry's Shell*, at p. 1073), it was nevertheless a "deliberate failure to respond to discovery or oppose discovery motions." (*Id*. at p. 1074.)  "Designing conduct that leads to a dismissal is not akin to a default." (*Pagarigan*, at p. 46.)  We therefore conclude the trial court committed no error in denying relief under section 473(b).

II

Rodriguez next argues that the court abused its discretion by imposing terminating sanctions without first using less drastic measures.  We disagree.

As an initial matter, Rodriguez has forfeited this argument by failing to file an opposition to defendants' motion for terminating sanctions below, and by failing to provide an adequate record on appeal.  (See *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483, fn. 7 [finding forfeiture where the appellant "did not file any opposition to the motions and no reporter's transcript was provided on appeal"]; *In re Marriage of Eben–King & King* (2000) 80 Cal.App.4th 92, 117 [a party who fails to raise an issue in the trial court forfeits the right to do so on appeal].)  When defendants moved for terminating sanctions, Janfaza only submitted a declaration requesting

20

that the motion hearing be continued. Although the court heard arguments on the motion in August 2023, Rodriguez has not provided a transcript or settled statement of the hearing, and there is no indication in the minute order that Rodriguez preserved any argument addressing the substance of the sanctions motion. Rather, the minute order indicates only that Rodriguez's counsel could not locate him and wanted a continuance on that basis. Because Rodriguez has not met his burden of showing he preserved his arguments in the trial court, he has forfeited them on appeal. (*Truck Ins. Exchange v. AMCO Ins. Co.* (2020) 56 Cal.App.5th 619, 635 [" 'arguments raised for the first time on appeal are generally deemed forfeited' "]; *Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5 [appellant has burden to provide reporter's transcript to raise any issue requiring consideration of oral proceedings].)

Even if Rodriguez had properly preserved his argument, however, we would reject it on the record we have before us. "We review the propriety of a discovery sanctions award for an abuse of discretion." (*Pollock v. Superior Court* (2023) 93 Cal.App.5th 1348, 1358.) We will reverse "only if [the trial court] was arbitrary, capricious, or whimsical in the exercise of that discretion." (*Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 191.) Section 2023.030, subdivision (a), provides that a trial court "may impose a monetary sanction ordering that one engaging in the misuse of the discovery process . . . pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." Section 2023.030, subdivisions (b) through (d) authorize additional non-monetary sanctions, and subdivision (d) in particular provides that the court "may impose a terminating sanction by[,]" among other things, "striking out the

21

pleadings or parts of the pleadings of any party engaging in the misuse of the discovery process." (§ 2023.030, subd. (d).)

"The discovery statutes evince an incremental approach to discovery sanctions, starting with monetary sanctions and ending with the ultimate sanction of termination. 'Discovery sanctions should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery.' [Citation.] If a lesser sanction fails to curb misuse, a greater sanction is warranted . . . . 'A decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' " (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992.)

The sanctioned party bears the burden of establishing it acted with substantial justification, or that other circumstances make the sanctions unjust. (*Padron v. Watchtower Bible & Tract Society of New York, Inc.* (2017) 16 Cal.App.5th 1246, 1269 (*Padron*).) "Substantial justification means clearly reasonable justification that is well grounded in both law and fact." (*Ibid.*) "The losing party has the burden of proving substantial justification on appeal." (*Ibid.*)

The record here shows that defendants properly served discovery on Rodriguez in December 2022 and that Rodriguez requested multiple extensions. Despite promising to provide medical records and a response to defendants' request for a statement of damages as conditions for obtaining an extension, Rodriguez's counsel failed to meet those conditions and did not respond to the other outstanding discovery requests by the twice-extended deadline. After acknowledging that all objections to defendants' discovery

22

requests had been waived and agreeing to serve objection-free responses to the outstanding discovery requests, Rodriguez neither responded nor requested an extension. Then when defendants moved to compel production, Rodriguez neither opposed the motions nor showed up for the motion hearing. Even after the trial court deemed defendants' requests for admission admitted and ordered Rodriguez to serve responses without objections to defendants' other requests, Rodriguez failed to provide responses as ordered. Rodriguez did not file objection-free responses until late October 2023, five months after the court issued its May 2023 order. Under these circumstances, we conclude that the trial court did not abuse its discretion in imposing terminating sanctions against Rodriguez. (See *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 820 [terminating sanctions were justified where appellants failed to comply with court's orders to respond to discovery requests three months after those orders issued].)

Rodriguez argues that the terminating sanctions were too drastic a measure and that the trial court should have taken a more incremental approach. The court, however, did take an incremental approach by first awarding monetary sanctions and "deemed admission" sanctions before resorting to terminating sanctions. The court's May 2023 order gave clear instructions regarding what was required of Rodriguez. And when Rodriguez had failed to comply months later, the court still stayed its ruling imposing terminating sanctions for 60 days so that Janfaza could have time "to bring [the] location of [his] client to the attention of the Court." It was not until Rodriguez again failed to serve compliant discovery responses—a month after Janfaza had reestablished communication with Rodriguez—that the court lifted its stay on the terminating sanctions. By that time, the court had

ample grounds for concluding that less severe sanctions would not produce compliance.

Moreover, Rodriguez did not meet his burden of demonstrating he had any substantial justification for his failures to comply with the court's orders. (*Padron, supra*, 16 Cal.App.5th at p. 1269.) As noted, the record is devoid of any explanation for why Rodriguez did not communicate with Janfaza for a period. Rodriguez also does not challenge the court's finding that Janfaza's negligence was inexcusable because he did not explain why he failed to inform defense counsel or the court of his inability to reach Rodriguez sooner. Janfaza did not explain why he filed no opposition to defendants' motions to compel, nor did he explain why he failed to show up at the hearing. The court observed that Janfaza could have at least served incomplete responses to preserve objections, and that when Janfaza reestablished communication with Rodriguez, his responses to discovery were still delayed. We acknowledge that Janfaza submitted a doctor's note stating he was ordered to self-quarantine for 10 days in late November 2022 and was advised to take a medical leave of absence through the end of January 2023. But defendants filed their first motions to compel in March 2023, and the motion hearing was in May 2023, months after Janfaza's recommended leave period ended. Given these circumstances, we cannot conclude that the court acted arbitrarily in imposing terminating sanctions.

Lastly, Rodriguez argues he substantially complied with the court's orders by filing objection-free responses after the October 2023 hearing. But again, there is no indication in the record before us that he raised this argument before the trial court in any of his motions. To the extent he may have raised the issue during a hearing, without an adequate record that includes transcripts from relevant hearings, we cannot determine that he

properly preserved the argument.  For these and the foregoing reasons, we affirm.

DISPOSITION

The judgment is affirmed.  Respondents are entitled to recover their costs on appeal.

BUCHANAN, J.

WE CONCUR:

DO, Acting P. J.

CASTILLO, J.